## W. G. DONOHUE, Appellant, v. SOUTHWESTERN SURETY INSURANCE COMPANY.

### Division One, March 2, 1920.

1. **APPEAL:** Non-resident Insurance Company: Twenty Days' Notice.  A foreign insurance company, licensed to do business in this State, but having no agent, office or other place of business in the county in which the cause was tried before a justice of the peace, has twenty days, under the statute (Sec. 7568, R. S. 1909), within which to take its appeal from the judgment rendered by the justice, and is not required to take the appeal within ten days after the rendition of judgment.

2. ———: ———: **Statute.** The statute (Secs. 7398 and 7399, R. S. 1909), authorizing process to be served on the Superintendent of Insurance where the defendant is a foreign insurance company licensed to do business, but having no place of business, in this State, does not render the company a resident of the county in which plaintiff resides and in which it has been sued before a justice of the peace, but only confers jurisdiction; as to the time within which it must take an appeal from a judgment rendered by the justice, it still remains a non-resident of the county.

3. ———: **Affidavit and Bond: Wrong Name: Amendment.** An appeal from a judgment of a justice of the peace should not be dismissed because the affidavit and bond therefor were not made in the name of the appellant, if before a motion to dismiss is ruled an amended transcript showing the appeal had been taken in its true name is sent up, and an amended affidavit and bond, made by permission of court and by the same affiant and surety, are filed.

4. ———: **Dismissal of Case at Return Term.** Where the notice of an appeal from a judgment rendered by a justice of the peace was so defective as to constitute no notice, and appellee at the return term filed his motion to dismiss on the ground that no notice had been given, and appellant, before the motion was ruled, by permission of court filed an amended transcript and an amended affidavit and bond, and thereupon the motion was overruled, it was error to call the case for trial and, upon the appellee's refusal to plead further, to dismiss the case at said return term, for appellee's motion to dismiss was not an exercise of his option to try the case at said term, but his refusal to plead further was a protest against being forced to trial at a term at which, under the statute (Sec. 7583, R. S. 1909), the cause was triable only at his option.

TRANSFERRED FROM KANSAS CITY COURT OF APPEALS.— *Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

*R. H. Musser* for appellant.

(1) Appeals from the justices of the peace, as well as all appeals, are purely of statutory origin, and the Legislature has the right to impose such conditions and restrictions as it sees fit. 3 C. J. 318, 319; Sec. 7567, R. S. 1909; Nathan v. Oil Co., 187 Mo. App. 563; Bussier v.

Sayman, 257 Mo. 303; Rauck v. Merrill, 172 Mo. App. 489; Sidwell v. Jett, 213 Mo. 609; Caruthersville v. Barnett, 149 Mo. App. 162; Petz v. Hoffman, 149 Mo. App. 153; Clopper v. Bradshaw, 163 Mo. App. 587. (2) The notice of appeal in this case was wholly insufficient, and the plaintiff did not by filing his motion to dismiss the appeal and attacking the jurisdiction of the court, enter his appearance to the case. There was no case of the character described in the notice on the docket of the court; there was no case appealed such as was docketed; the affidavit for appeal, bond in appeal and notice of appeal were all of the Southern Surety Company case and the substitution allowed did not, if it was correctly done, waive the very plain provisions of the statutes. Secs. 7568, 7570, 7582, 7584, R. S. 1909; Drake v. Gorrell, 127 Mo. App. 636; Huffman Bros. v. Morris, 1190 Mo. App. 386; Auto Co. v. Figgins, 188 Mo. App. 689; Nobel v. Bockhurst, 186 Mo. App. 503; Bartschat v. Downey, 172 Mo. App. 636. (3) The appellant could not, by having the justice amend his record, confer jurisdiction on the circuit court; there was no bond in appeal nor affidavit for appeal supporting other than his original record, and no further notice of appeal was given. Clapper v. Bradshaw, 163 Mo. App. 587; Rauck v. Merrill, 172 Mo. App. 489. (4) Causes first stated herein affirmatively show that statutory requirements for the appeal from the justice of the peace were not complied with, so that the circuit court had no authority to further proceed with the case; in addition to these, jurisdiction was not had by said circuit court, for the further reason that the Southwestern Surety Insurance Company was under the law a resident of the State and of each county and township therein. Young v. Niles Scott Co., 122 Mo. App. 402; Meyer v. Insurance Co., 184 Mo. 486; Sears on Mo. Corporations, sec. 375; Fitzmaurice v. Turney, 214 Mo. 627; Crutsinger v. Railroad, 82 Mo. 66; Slavens v. Railroad, 51 Mo. 310; Harding v. Railroad, 80 Mo. 661; Rodgers v. National Council, 172 Mo. App. 719. (5) By taking out a license to do business in the State of Missouri, and appointing

the Superintendent of Insurance as its agent to receive service of process, defendant acquired a constructive residence in each and every county of the State, so that it had only ten days within which to perfect its appeal from the justice. Rodgers v. National Council, 172 Mo. App. 719; Meyer v. Ins. Co., 184 Mo. 481; Kennedy v. Ins. Co., 165 Pa. St. 179; Weeron v. Ins. Co., 166 Pa. St. 112; Burridge v. Ins. Co., 211 Mo. 180; Sidway v. Land & Live Stock Co., 187 Mo. 649; Dougan v. Sun Fire Office, 39 Mo. App. 676; 19 Cyc. 1254; 12 R. C. L. 35, 50, 57, 64, 78, 108.

*Frost & Frost* for respondent.

(1) If the defendant had an agent in the county transacting its business, then the rule would be different. Young v. Niles Scott Co., 122 Mo. App. 392. This same doctrine has been for years applied to railroads. Slavens v. Railway, 51 Mo. 309; Crutsinger v. Railway, 82 Mo. 64; Fitzmaurice v. Turney, 214 Mo. 626; Julian v. Kansas City Star, 209 Mo. 100. The defendant was a non-resident corporation without any agent in the county and it had twenty days in which to take an appeal. Spangler v. Protective Assn., 172 Mo. App. 255; Sec. 7568, R. S. 1909. (2) The lodging of the transcript of the justice gave the circuit court jurisdiction of the cause, and the only object of the notice is to give it jurisdiction of the person. Ford v. Gray, 131 Mo. App. 344; Bartschat v. Downey, 172 Mo. App. 636; Drake v. Gorrell, 127 Mo. App. 636. (3) The motion filed by the appellant in this cause was not motion for affirmance or dismissal for failure to give statutory notice, but was a motion to dismiss the appeal because "the said defendant was and is a resident of Clinton County, State of Missouri, and no appeal was taken or allowed to said defendant at any time within the time allowed by law" and because "no affidavit for an appeal or any appeal bond has been made by the defendant to this action," and other grounds. This motion did amount to an appearance by the plaintiff and dispensed with the statutory notice. Bartschat v. Downey, 172 Mo.

App. 636. These appearances were entirely independent of his appearance on his motion to dismiss. How could plaintiff be heard to enter his objections and exceptions to the action of the court and be found objecting to steps taken by the appellant therein in said cause without appearing in said cause? Furthermore, his motion to dismiss did not confine his appearance for that purpose only, nor did he ask the dismissal on the ground of failure to give notice, nor could he have done so, as a motion on such a ground would not have been entertained until the next term of court, as that was the first term after the appeal. Furthermore, the judgment in this cause itself shows that plaintiff was in court for all purposes. (4) Refusing to plead amounted to refusing to make defense. 30 Cyc. 1644. (5) On filing of papers by the justice in the clerk's office the circuit court becomes possessed of the cause, and same cannot be dismissed for want of bond and affidavit if appellant file bond and affidavit before case is dismissed. Welsh v. Railway, 55 Mo. App. 599; State v. Cook, 33 Mo. App. 57; Sec. 7580, R. S. 1909.

BROWN, C.—This cause comes to us upon the certificate of the Kansas City Court of Appeals that its opinion and judgment sustaining the judgment of the circuit court is in conflict with the opinion and judgment of the St. Louis Court of Appeals in Rodgers v. National Council, 172 Mo. App. 719.

The case is well stated in the opinion of the Kansas City Court of Appeals as follows:

"Plaintiff, on December 23, 1916, in a suit before a justice of the peace in Clinton County, obtained judgment for $124 against defendant upon a policy of accident insurance. The defendant is a foreign insurance company duly licensed to transact its business in Missouri, but having no local agent in Clinton County upon whom service could be had, and service was made upon the Superintendent of Insurance at Jefferson City in Cole County. On the 20th day from the rendition of judgment, defendant was allowed an appeal to the Cir-

cuit Court of Clinton County. The appeal was returnable to the April Term, 1917, of said circuit court, and the justice promptly sent up the transcript and papers to that court.

"It seems that the appeal bond filed in the justice court was in the name of 'The Southern Insurance Company' as principal, instead of 'The Southwestern Surety Insurance Company,' and that the notice of appeal that was given, as well as the affidavit for appeal, were made under the caption of the case entitled, 'W. G. Donohue v. Southern Surety Company.'

"At the April term, plaintiff filed a motion to dismiss the appeal based on two grounds: (1) That no affidavit for appeal and no appeal bond had been filed by the defendant in the case. (2) That no appeal had been taken or allowed to said defendant within the time allowed by law. At the same time defendant filed a motion to have the justice send up a correct transcript of his record, and this was done. Upon its appearing that the appeal had been allowed by the justice to the Southwestern Surety Insurance Company, the court permitted the corrected transcript to be filed, and thereupon, the defendant by leave of court, filed a correct affidavit and appeal bond, and later the court permitted defendant, through its attorney who made the affidavit and who was also the sole surety on the appeal bond, to amend same by inserting the word 'Insurance' after the words 'Southwestern Surety' and before the word 'Company' in the defendant's name wherever the same appeared in said affidavit and bond.

"Plaintiff's motion to dismiss was then overruled. Thereupon the cause was called for trial and the plaintiff refusing to plead further, the court dismissed the case. Plaintiff then appealed." [Donohue v. Southwestern Surety Insurance Co., 202 S. W. 272.]

I. The controlling question in this case, and the one upon which it has been certified to us by the Kansas City Court of Appeals, is whether or not a foreign insurance company having no agent, office or other place

of business in the county in which the cause was origi-
nally tried before a justice of the peace,
**Timely Appeal.** must take its appeal from the judgment of the
justice within ten days from the time of its
rendition or has twenty days for that purpose. This
depends entirely upon the question whether or not the
Insurance Company is, for that purpose, a resident or
non-resident of the county within the meaning of the
following provision of Section 7568, Revised Statutes
of 1909: "The appeal must be made within ten days
after the judgment was rendered, but if a non-resident
of the county where the suit shall be instituted, the
party shall, in all cases of appeal allowed by this article,
have twenty days to make such appeal." It is contended
by the Insurance Company that it comes within the
terms of the clause last quoted, and that therefore
its appeal taken within twenty days was timely. There
can be no doubt of the correctness of this proposition if
the word "non-resident" is to be construed accord-
ing to its literal meaning, but the appellant contends
that, for the purpose of this appeal, the respondent ac-
quires the status of residence by virtue of certain statu-
tory provisions to which we will presently refer.

Foreign corporations generally are prohibited from
transacting business as such in this State without com-
plying with certain prerequisites and obtaining from
the Secretary of State a license therefor, and establish-
ing and maintaining an office for the transaction of their
business in this State where legal service may be ob-
tained upon them. [R. S. 1909, sec. 7040.] Foreign
insurance companies doing business in this State, being
under direct supervision of the Insurance Department,
are required (Id. sec. 7042) to file with the Superin-
tendent of the Insurance Department a written instru-
ment or power of attorney appointing and authorizing
the Superintendent of the Insurance Department to
acknowledge or receive service of process issued from
any court of record, justice of the peace or inferior

18—281 Mo.

court, and upon whom such process may be served in all proceedings instituted against them. This last provision, it is contended, makes the foreign insurance company not only a resident of the State for all the purposes of any such legal proceeding, whether involving the service of legal process or not, but also a resident of each particular county as distinguished from all others. The plaintiff may leave his home where the defendant Insurance Company stands waiting at his door, and seek his remedy wherever he may find an atmosphere favorable to his cause. As we have stated in Meyer v. Insurance Company, 184 Mo. 1. c. 489: "An individual can reside in only one county at a time, whereas the statute makes a foreign insurance company a resident of every county in the State for the purpose of a suit against it."

Assuming that this proposition correctly states the meaning of the statute under consideration in its application to the question of jurisdiction then before the court, we are still far from determining its application to the question in this case, which is whether the defendant, being already in court, was entitled to twenty days in which to make its appeal. It cannot be contended that the statute in question, without using the word resident or residence in any form, or any equivalent words, has made the insurance company a resident of each county in this State for all the purposes implied in the omitted word. The statute which authorizes process to be served on the Superintendent of Insurance, upon which the jurisdiction is founded in this case (R. S. 1909, sec. 7398; also Id. sec. 7399), gives jurisdiction in cases where the defendant is a non-resident of the county in which the plaintiff resides, to a justice of the peace of any township in such county where he may be found, and where the defendant is a non-resident of the State, to any justice of the peace of any county in the State wherein defendant may be found. None of these statutes, by conferring jurisdiction over the non-resident, brings him into the county or State

for any other purpose. So far as the time for taking his appeal is concerned he remains a non-resident of the county still. The non-resident of the county who comes into the jurisdiction is served and judgment rendered against him. When he desires to appeal, his distance from his home is taken into account and the law grants him time on that account. It extends the same clemency and favor to the non-resident of the State who is caught within the jurisdiction. The foreign insurance company, as far as this law is concerned, stands on the same footing. It is forced into the jurisdiction as a condition for the transaction of business in the State, but is not by the words or any reasonable implication of the law excepted from the statutory grant of favor as to the time allowed for his appeal. The plaintiff as we have said might leave his own home and go to the most inaccessible county in the State to bring his suit, but the Legislature reasonably and justly permits the defendant time to go and return for the purpose of taking his appeal.

This intention is shown in the very section we are now construing (Section 7042): "In case such process is issued by a justice of the peace or other inferior court, the same may be directed to and served by any officer authorized to serve process in the city or county where said Superintendent shall have his office, at least fifteen days before the return day thereof, and such service shall confer jurisdiction." While in other cases ten days only are required between the service and return day, fifteen days are expressly allowed in this State-wide proceeding. In this the Legislature expressly recognizes its *status* of non-residence.

We think the appeal was taken in time. The Kansas City Court of Appeals arrived at the same conclusion in an opinion in which it cites and reviews the authorities applicable and in which we fully concur, and which we adopt as our own. [202 S. W. 272.] What we have here written is only to suggest a different standpoint from which the question may be approached.

II.   The judgment of the justice of the peace from which the appeal to the Circuit Court for Clinton County was taken was against this respondent, and the appeal was returnable to the April term of the circuit court.   This appellant appeared in the circuit court at that term and filed his motion to dismiss the appeal, assigning as grounds therefor that no affidavit or recognizance for appeal had been filed before the justice.   The defendant at the same time filed a motion for a rule upon the justice to send up an amended transcript, which showed that the appeal had been allowed in the proper name of the appellant, and thereupon a hearing was had and the circuit court made an order permitting the true name of the defendant to be inserted in the affidavit and bond, which was done by the defendant's attorney who made the affidavit and was sole surety on the bond, and the cause was thereupon permitted to proceed.

*Affidavit and Bond.*

We do not think there was any error in this.   It was done in compliance with the terms of Section 7580, Revised Statutes 1909, which provides that "no appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance."

This statute speaks for itself.   The circuit court obtained its jurisdiction from the allowance of the appeal by the justice, and thenceforth it was its duty to determine whether the appeal had been properly taken and to determine how its statutory jurisdiction should be exercised.   The fact that these deficiencies were supplied by amendment to the original affidavit and recognizance could make no difference, as all the

parties affected by the alteration were before the court and bound by its action in connection with their own.

III.   A more serious question is presented by the action of the circuit court in dismissing the plaintiff's action at the return term of the appeal.

Section 7583, Revised Statutes 1909, provides: "If the appellant fail to give notice of his appeal when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course until the succeeding term, at the cost of the appellant; but no appeal shall be dismissed for the want of such notice. When, however, the appellee enters his appearance and demands trial as provided for by this section and the appellant fails to appear, the judgment on motion of appellee shall be affirmed."

Dismissal.

The only notice of the appeal from the justice of the peace in this case consisted of a written statement that the "Southern Surety Company" had taken an appeal from the judgment of Joseph Brown, a justice of the peace, on the 23rd day of December, 1916 for ———— dollars and costs in favor of plaintiff and against the Southern Surety Company returnable at the April term of the Circuit Court for Clinton County. That this notice was so defective as to constitute no notice under the statute seems to us to be evident.   It was signed "Southern Surety Company."   The name bore no natural relation to the defendant, which is an insurance company by name as well as in fact, and not a surety company at all so far as appears in the record. The description referring to its location contained no synonym of "Southwestern," which performs that office in the name of the defendant.   While it is not probable that the plaintiff was an habitual litigant and could therefore guess that it referred to the suit of the insurance company whose policy he held, we are not at liberty to depart from a rule which requires the es-

sential elements of legal process to be stated, and not left to mere inference. The object of the requirement of reasonable certainty in the statement of a fact as notice of its existence in legal proceedings is to avoid the possibility of concealment in cases where concealment may be practicable and desirable. We think it would be dangerous to hold that this paper is sufficient notice of the appeal of this case. Some such idea was probably in the mind of the Legislature when, instead of providing a procedure for cases in which the appellee did not know of the appeal, it included all cases in which the notice required by law had not been given.

Although this section is somewhat complicated in its construction it plainly provides that if the appellee shall appear on or before the second day of the return term the case shall, *at his option,* be tried at that term, and that if he shall appear at the return term and *demand* trial, and the appellant shall not appear, the judgment shall, upon motion of the appellee, be affirmed. The question presents itself whether, in this case, the appellee exercised his *option* to try the case. His appearance consisted in the filing of a motion to dismiss the appeal on other grounds than the failure to give the statutory notice, and his statement that he would not plead further. Whatever else this might mean, it was not a demand for trial at that term. The utmost that we can assume is that it indicated his purpose not to try at that term. He had come to exercise his right to have the appeal dismissed unless his opponent should file a sufficient affidavit and recognizance before his motion should be determined. [Id. Sec. 7580.] The appellant elected to do this, thereby confessing that the motion of the appellee was well taken, and it now contends that its filing was not only a general appearance in the case, but an exercise of the option to try at that term. We do not think so.

When the amended affidavit and recognizance were filed and the plaintiff's motion to dismiss the appeal was overruled, the court made the following entry: "The said cause coming on for trial, the plaintiff re-

·fused to plead further than the motion to dismiss, whereupon the court ordered said cause to be dismissed. Whereupon, the said cause was dismissed of record in said court.''

This refusal to ''plead further than the motion to dismiss'' amounted to nothing more than a 'protest against being forced to trial at a term in which the cause was triable only at his option. He had been successful in forcing the appellant to perfect its appeal by amendment to the affidavit and recognizance, and thereupon the case stood as if the appeal had been well taken and no notice given. It was error to dismiss the cause for failure of the plaintiff to proceed to prove his case which he was under no duty to do at that term. This error appearing upon the face of the record the judgment of the circuit court must be reversed, and the cause remanded for further proceedings; and it is so ordered. *Ragland* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All of the judges concur.