R. H. COUSINS v. SOVEREIGN CAMP, WOODMEN OF THE WORLD.

No. 5678. Decided February 19, 1931.

(35 S. W., 2d Series, 696.)

108

*Cofer & Cofer,* for appellant.

*D. E. Bradshaw, Robt. M. Turpin* and *Black & Graves,* for appellee.

MR. C. S. BRADLEY, MR. TOM S. HENDERSON, JR., AND· MR. ALLAN D. SANFORD, sitting as a Special Court, delivered the· opinion.

Plaintiff in error instituted this suit in the district court of Travis. county against the Sovereign Camp, Woodmen of the World, where he sought and recovered a judgment from which the Sovereign Camp· appealed to the Court of Civil Appeals. That court reversed the judgment of the trial court and rendered judgment for the Sovereign Camp; and to the latter judgment this court granted a writ of error.

A full and correct statement of the case appears in the opinion of the Court of Civil Appeals, by Special Chief Justice Abney, in 26 S. W. (2d) 453.

The writ of error was granted because this court was of opinion the issue herein discussed is of sufficient importance to the jurisprudence of the state to justify its consideration here.

The issue is whether a foreign corporation having an agent and doing business in one of the counties of this state, in which it is sued, resides in such county within the meaning of article 2253 of the Revised Statutes, 1925, as amended by Acts, 1927, chap. 15, sec. 1 (Vernon's Ann. Civ. Stat., art. 2253), and is required to file its appeal bond within twenty days after notice of appeal is given, or whether it is allowed thirty days to file its appeal bond, where the term of court may by law continue more than eight weeks.

Article 2253, so far as it applies to the issue here under consideration, is as follows:

"If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county."

The term of the trial court at which the judgment was rendered was one which, by law, might continue more than eight weeks (R. S., art. 199, sec. 53); and the defendant in error is a foreign corporation, organized under the laws of the state of Nebraska, has a permit to do business in the state of Texas, has appointed the Commissioner of Insurance its attorney upon whom service may be had as provided by article 4843, and has a local Camp in Travis county, in which county the judgment was rendered. The appeal bond was filed more than twenty, and less than thirty days after notice of appeal was given.

Plaintiff in error contends that this court is without jurisdiction, except to reverse the judgment of the Court of Civil Appeals and direct the enforcement of the judgment of the trial court, basing his contention upon the argument that under the provisions of the statute, defendant in error resides in Travis county, and thus had only twenty days in which to file its appeal bond; and having failed to do so, did not seasonably prosecute its appeal. The issue, then, is whether defendant in error resides in Travis county, within the meaning of the statute.

In the inception of this suit, plaintiff in error alleged that defendant "Is a fraternal beneficiary association, duly incorporated under the laws of the State of Nebraska, and has its principal office in the City of Omaha, Nebraska," and defendant in error has been referred to and treated as a foreign corporation. No contention is made that it was domiciled elsewhere than in the city of Omaha, but plaintiff in error now bases his contention upon the meaning of the word "resides," in the statute.

The cardinal principle of statutory construction is to ascertain the legislative intent from the statute. Koy v. Schneider, 110 Texas, 369, 218 S. W., 479, 221 S. W., 880, and authorities there cited. To that end all available sources may be consulted. Among such sources are the contemporary history of the state, the circumstances of business usage and the life and habits of the people at the time of the passage of the act.

In the case of Higgins v. Rinker, 47 Texas, 393, the Supreme Court, speaking through Chief Justice Roberts, says:

"The law should be construed in reference to the habits of business prevalent in the country at the time it was enacted. The law was not made to create or shape the habits of business, but to regulate them, as then known to exist."

And in Ex Parte Roquemore, 60 Texas Crim. Rep., 282, 131 S. W., 1101-1104, the Court of Criminal Appeals, in an admirable opinion by Judge Ramsey, states the rule thus:

"In undertaking to fix and place meaning upon statutes, we should do so in the light of contemporaneous history, and in reference to the habits and activities of our people."

This statute was passed as part of one of the early practice acts of the state, and has been brought down in almost identical language since 1883. It is obvious that the Legislature, in passing the act under the conditions existing in 1883, intended to give a defeated litigant who did not live in the county of the forum a sufficient length of time to go to his home and secure the execution of an appeal bond with sureties and return to the forum and file it. Travel was tedious in those days, and the Legislature allowed what it considered a sufficient length of time for the appellant to travel to his home and return before the door of appeal should be closed to him. Hence, an appellant residing out of the county was allowed thirty days in which to file his bond, instead of the twenty days allowed to one residing in the county.

Furthermore, the Legislature must have intended the extension of time for the benefit of persons charged with the burden of determining and perfecting appeals, who resided at the greater distance from the seat of litigation. There is no apparent reason for this extension of time if it was intended to apply the shorter time to parties at great distance from the court merely because they may have had business agents on the ground. It was more reasonable to make the test depend upon the location of the party who controlled the whole scheme of the litigation, which, in this case, is the corporation itself, at its domicile in another state.

Another rule of construction is that a remedial statute must be construed liberally, to effectuate the purpose of its enactment. In the early case of Sheldon v. Wade, 4 Texas, 148, 51 Am. Dec., 722, Justice Wheeler had before him the question of the sufficiency of an appeal bond, and it is there said:

"The Constitution guarantees the right of appeal. The laws, regu-lating the exercise of the right, are intended to afford the party every possible facility in its furtherance, consistent with a due regard to the rights of the opposite party; and they should be so construed, as most certainly and effectually to attain this object." See, also, Peck v. Powell (Texas Civ. App.), 259 S. W., 640.

As to the meaning of the word "resides", as used in the statute, plaintiff in error earnestly insists that defendant in error resides in Travis county because it has a local camp in that county, with a secretary who acts in some capacity as an agent of the Sovereign Camp. But this suit is not an action against the subordinate lodge; it is against the Sovereign Camp. True, the subordinate lodge may be a part of the larger organization known as the Woodmen of the World and the Sovereign Camp a part of that organization; but as we understand the organization of this fraternal order, the most that can be said, in a legal sense, is that the subordinate lodge is an agent, or rather an agency, of the Sovereign Camp. It is clear, therefore, that the contention that the Sovereign Camp resides in Travis county, Texas, can not rest upon this ground.

Plaintiff in error further contends that a corporation resides wherever it does business, and stresses the holdings of the courts of Missouri, which, he claims, support his contention here; but without going into a detailed consideration of the opinions of the intermediate courts of that state, it may be remarked that its Supreme Court considered this contention in Donohue v. Southwestern Surety Ins. Co., 281 Mo., 267, 219 S. W., 930, 932, and therein assumed, without committing itself, however, to the proposition, that their

"Statute makes a foreign insurance company a resident of every county in the state for the purpose of a suit against it."

But in the course of that opinion (page 932) the court says:

"None of these statutes, by conferring jurisdiction over the nonresi-dent, brings him into the county or state for any other purpose. So far as the time for taking his appeal is concerned, he remains a nonresident of the county still. The nonresident of the county who comes into the juris-diction is served and judgment rendered against him. When he desires to appeal, his distance from his home is taken into account and the law grants him time on that account. It extends the same clemency and favor to the nonresident of the state who is caught within the jurisdiction. The foreign insurance company, as far as this law is concerned, stands on the same footing. It is forced into the jurisdiction as a condition for the transaction of business in the state, but is not, by the words of any rea-sonable implication of the law, excepted from the statutory grant of favor as to the time allowed for his appeal. The plaintiff, as we have said, might leave his own home and go to the most inaccessible county in the state to bring his suit, but the Legislature reasonably and justly permits

the defendant time to go and return for the purpose of taking his appeal."

The Missouri Court there distinguishes between venue statutes and statutes governing the right of appeal,—a distinction which must be drawn in this case. The venue was laid in this case under article 1995, paragraph 27.

The statute lays down the general rule that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile," and then adds, "except in the following cases:".

And then, illogically, it seems, includes among the exceptions paragraph 27, authorizing foreign corporations to be sued in any county in which they may have an agent. While not properly an exception to a statute dealing with the venue of suits against inhabitants of this state, paragraph 27 is included among the exceptions as a result of legislative patchwork. It should be a special statute in itself, fixing venue for a class of defendants for which no other provision is made; but, considering it as an exception, along with all the other exceptions, we see that the Legislature has seen fit, in view of the exigencies of various situations, to ordain that a litigant may be torn from his home and made to litigate where he does not reside. So then, the statute laying venue of this case in Travis county does not fix the residence of the defendant in error in that county, but specifically provides a forum for the suit, in disregard of the place of residence of the defendant. It follows, then, that the venue statutes do not aid the construction sought to be placed by plaintiff in error upon this statute relating to appeals.

The mere fact that the Commissioner of Insurance has been appointed attorney to accept service for defendant in error, and that the Commissioner resides in Travis county, cannot bring the body of the corporation into Travis county and give it a residence there. He is merely an agent, a separate and distinct entity, and the corporation is not thereby brought into that county. It is, by law, domiciled in the state of its creation and may neither migrate nor be exiled. If it may carry on its business in a foreign jurisdiction, it must be done by its agent. Fletcher Cyc. Corp., vol. 8, page 9296, sec. 5706, states the rule thus:

"A corporation has its legal domicile in the country or state by or under whose laws it was created, and in that country or state only, even thought it may be engaged in business and have an office in another country or state. Unlike a natural person, a corporation cannot change its domicile at will, and although it may be permitted to transact business where its charter does not operate, it does not on that account acquire a residence or domicile there."

We are, therefore, of opinion and hold that, giving due consideration to the reason for this provision of the statute, and with proper liberality in the construction of a remedial statute (State v. O'Conner, 96 Texas, 484, 73 S. W., 1041; Falls v. Key (Texas Civ. App.), 278 S. W., 893,

896; O'Conner v. State (Texas Civ. App.), 71 S. W., 409, 410-412), although defendant may have had a subordinate branch of its business in the county where the judgment was rendered against it, it was given the longer time of thirty days within which to file its appeal bond after notice of appeal was given.

There is no dispute in the entire record of the fact that defendant in error is incorporated and exists under the laws of the state of Nebraska and has its principal place of business in that state. Hence, the finding of the trial court with reference to its residence must be treated as a conclusion of law, as it was doubtless intended; but, in any event, a finding of fact based upon undisputed evidence is an issue of law and is within the jurisdiction of this court. The Texas Loan Agency v. Fleming, 92 Texas, 458, 49 S. W., 1039.

We are in full accord with the opinion of the Court of Civil Appeals upon the issue discussed by it, and find it unnecessary to discuss the other issues in the case, beyond stating that its determination of those issues is approved.

Finding no error in the judgment of the Court of Civil Appeals, it is affirmed.