STATE OF MISSOURI at the relation of NORTHWESTERN MUTUAL FIRE ASSOCIATION, a Corporation, Relator, v. JOHN F. COOK, Circuit Judge for Division No. 2 of the Circuit Court of Jackson County. —160 S. W. (2d) 687.

Court en Banc, March 10, 1942.

Rehearing Denied, April 3, 1942.

*Frank E. Tyler, Lucian Lane* and *Gossett, Ellis, Dietrich & Tyler* for relator.

*Watson, Ess, Groner, Barnett & Whittaker* and *Paul Barnett* for respondent.

TIPTON, J.—Prohibition to Honorable John F. Cook, Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, Division No. 2, to prevent him from exercising jurisdiction over the person of the relator in the case of Forest Lumber Company v. Northwestern Mutual Fire Association.

The plaintiff in that case is a corporation organized under the laws of the State of Delaware, and the defendant, or relator, is a mutual insurance company organized under the laws of the State of Washington. The action was based upon a fire insurance policy issued by relator to plaintiff, and plaintiff's petition alleges that plaintiff and defendant are licensed to do business in the States of Missouri and Oregon, and that plaintiff's main office is in Jackson County, Missouri; that the fire insurance policies sued on were executed and delivered in the State of Oregon and are Oregon contracts; that the property insured against damage or loss by fire was located in the State of Oregon and that the loss claimed occurred in the State of Oregon.

Summons was issued to the sheriff of Cole County, Missouri, and return was made that he had served same upon the Superintendent of the Insurance Department of the State of Missouri. At the return term, relator appeared specially and moved to quash the summons and return on the ground that, on the face of the petition, it appeared the action was not one authorized by Section 6005, R. S. (Mo.) 1939, and therefore the purported summons and return were

invalid and conferred no jurisdiction over the person of the relator. The case was duly assigned to the respondent, who overruled the motion to quash.

On September 25, 1941, this court issued its preliminary rule in prohibition and respondent's return admitted all factual allegations of relator's petition, but contended that plaintiff below, though a Delaware corporation, is a resident of Missouri, within the meaning of Section 6005, R. S. (Mo.) 1939; that the suit is therefore within such section and that jurisdiction of the person of relator was acquired by service of the Superintendent of Insurance and that he was not exceeding his jurisdiction in proceeding with the case. To this return, relator filed its motion for a judgment on the pleadings.

The sole question for our determination is, is a foreign corporation, licensed to do business in Missouri, a resident of this State within the meaning of that word as it is used in Section 6005, R. S. (Mo.) 1939? In other words, is a foreign corporation that has complied with Sections 5072, 5073, and 5074, R. S. (Mo.) 1939, a resident of this State as that word is used in Section 6005, supra?

That section provides that a foreign insurance corporation may be served by a delivery of a copy of the petition and summons to the Superintendent of Insurance at his office in Jefferson City, Missouri, "and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or *on any policy issued in any other state in which such resident is named as beneficiary,* and in all actions brought by nonresidents of this state upon any policy issued in this state in which such nonresident is named beneficiary or which has been assigned to such nonresident and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state." (Italics ours.)

Since the policy of insurance sued on was executed in the State of Oregon, it is an Oregon contract. The alleged loss occurred in the State of Oregon. Therefore, to come within the provision of the above quoted part of Section 6005, the plaintiff must be a resident of the State of Missouri.

The relator contends that since the plaintiff is a Delaware corporation, it can only be a resident of that state, and cannot be a resident of this State. It cites Fletcher Cyclopedia on Corporations, Volume 8, Chapter 48, Section 4025, and Volume 17, Chapter 67, Section 8300; 1 Thompson on Corporations (3 Ed.), page 795; certain federal decisions and decisions from other states which hold that legal existence, the home, the domicile, the habitat, the residence, the citizenship of the corporation can only be in the state by which it was created, notwithstanding it may lawfully do business in other states.

[Germania Fire Insurance Company v. Francis, 78 U. S. 210; Dryden v. Ranger Refining & Pipe Line Company, 280 Fed. 257; In re Hudson River Navigation Corporation, 59 Fed. (2d) 971; Blanchette v. New England Telephone & Telegraph Co., 6 Atl. (2d) 161; Larson v. Dubuque Fire & Marine Insurance Co., 238 Mich. 366, 213 N. W. 140; American Barge Line v. Board of Supervisors, 246 Ky. 573, 55 S. W. (2d) 416; Cousins v. Sovereign Camp W. O. W., 120 Tex. 107, 35 S. W. (2d) 696.]

No doubt this is a general rule, but there are exceptions to this rule, and those are where the Legislature used the word "resident" so as to include both domestic and foreign corporations.

One of the texts relied upon by relator says, "As a general rule, for jurisdictional purposes, corporations are deemed 'residents' or 'inhabitants' of particular places, and such place is usually the jurisdiction in which it was incorporated. The rule universally obtaining in both England and the United States is that a company, for jurisdictional purposes, may have a domicile both where it was created and where it transacts business." [8 Fletcher Cyclopedia on Corporations, sec. 4029.]

Note what the other text relied upon by relator says: "It seems that some courts have made a distinction between the citizenship and the residence of a corporation. The local residence in strictness is where its chief corporate activities are conducted and this is usually held to be the location of its principal office as stated in its articles of incorporation. In an early Illinois case, it was held that the residence of a corporation was necessarily where it exercised corporate functions, and that the corporation in the case in question had legal residence in any county in which it operated its railroads. In a later case the same court said: 'While the citizenship of the corporation would depend upon the place of the law for its creation, its residence might, manifestly, upon the principle above stated, be in any state where it was, by comity, permitted to exercise its franchise.' This distinction has been recognized, between citizenship and what has been termed inhabitancy, in the case of a foreign corporation. While a corporation is said to be a citizen only of the state in which it is created, yet it may for certain purposes, if an alien corporation, be considered an inhabitant or resident of the state where it has its principal place of business. But independent of statute, however, it is not absolutely essential to the existence of a corporation that its principal office be fixed or even that it have such office." [1 Thompson on Corporations (3 Ed.), sec. 566.]

This court has held that the word "resident," as used in many of the statutes in this State, includes foreign corporations doing business in Missouri, as the following cases will show.

Farnsworth v. Terre-Haute, A. & St. L. R. Co., 29 Mo. 75, 78, was a suit in attachment against a foreign corporation on the ground of

nonresidence. We said: "When the foreign corporation has located here, and has its chief office or place of business here, it seems no longer to be regarded as a foreign corporation. It may be sued as an individual resident here." And we dissolved the attachment.

City of St. Louis v. Wiggins Ferry Co., 40 Mo. 580, 586, 587, was a suit against the defendant, a foreign corporation, for taxes on personal property. We held that while "a corporation is a resident subject or citizen of the State in which it is created . . . there can be little doubt that the effect of the statutes of this State is such as to make this corporation, though chartered abroad, a resident of this State, not only for the purpose of suing and being sued, by ordinary process, or by attachment, but for all the purposes of ownership of personal property and of taxation . . ."

Herryford v. Aetna Ins. Co., 42 Mo. 148, was a suit against a foreign insurance corporation, service of process having been obtained upon its agent in charge of its office. We held the service of process upon it was valid. On this point we said: "Although a corporation is a citizen of the State in which it is created, . . . yet it may act by agents beyond the bounds of that State, and become, constructively, resident in this State under the statute, . . . for the purpose of suing and being sued."

Morgan v. Chicago & A. R. Co., 76 Mo. 161, 175, was a suit to enforce a mechanic's lien for work done in the construction of the roadbed of a licensed foreign railroad corporation. This court declared: "By operation of said statutes, such corporations, in some sense, become domesticated, and they are no longer treated as wholly foreign, and their officers and agents, having in charge such offices so established and maintained in this State, are no longer treated and held as mere agents of such corporation, but for the purpose of service of process or notice, they are the corporation itself, in the same sense and to the same extent as corporations chartered by the laws of this State."

Sidway v. Missouri Land & Live Stock Co., 187 Mo. 649, 673, 86 S. W. 150, 156, involved the question whether a licensed foreign corporation was a nonresident of the State in such sense as to deprive it of the benefit of a Statute of Limitations. This court said: "By positive statute it must and has kept an office and an agent upon whom service could at all times be obtained. There has never been a time when plaintiff could not have brought his suit, obtained personal service, and a general judgment if he recovered. Under such circumstances the defendant is not, in contemplation of law, a nonresident within the meaning of the statute of limitations. Such is now the prevailing judicial opinion in this country."

Fitzmaurice v. Turney, 214 Mo. 610, 627, 114 S. W. 504, was a statutory action for the establishment of a private road, and the court held that a railroad was a ▮▮▮ resident of the county within the

meaning of that statute. We said: "It has several times been held in this State that a railroad company 'is a resident of the county through which its line of road passes, and in which it has an agent upon whom process can be served, and where suits are authorized to be commenced.' "

In construing Section 2741, R. S. (Mo.) 1939, we have held a foreign corporation, doing business in a county where it is sued in a justice court, is a resident of that county, within the meaning of that statute and is allowed only ten days to appeal from a judgment of the justice court, instead of twenty that is allowed nonresidents of the county. [Slavens v. South Pac. R. Co., 51 Mo. 308; Harding v. Chicago & Alton R. Co., 80 Mo. 659.]

It is true the foregoing cases do not decide the exact question before us, as all these cases were decided before 1939, the year Section 6005, supra, was enacted. But all these decisions do show that a corporation may have more than one residence, and a foreign corporation licensed to do business in Missouri, has at least a constructive residence in this State. We must assume that the Legislature knew that of these decisions when it enacted this section, and knew that a foreign corporation licensed to do business in Missouri could be a resident of this State. Section 6005, supra, mentions resident or nonresident of the plaintiff. It does not contain the word "corporation," but by its very generality it must refer to all residents, including persons, and corporations, foreign and domestic.

There is no doubt that under Article 14, Chapter 6, of R. S. (Mo.) 1939, this relator could have filed a declaratory judgment action against this plaintiff on the same policy of insurance and have its liability established by the circuit court of Jackson County. We do not believe the Legislature, by the use of the word "resident," in Section 6005, supra, intended to deny the plaintiff the right to sue in the courts of this State to determine its rights under the same policy of insurance.

We hold that the word "resident," as used in Section 6005, supra, includes persons and corporations, both foreign and domestic. Our provisional rule accordingly is discharged. All concur.