

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 30, 1952

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. V-1400.

Re: Evidence necessary to is-
sue a Texas Certificate
of Title on an unregistered
house trailer where a manu-
facturer's certificate is
not available.

Dear Mr. Greer:

Your request for an opinion deals with the pro-
visions of Article 1436-1, Vernon's Penal Code, as amended
by House Bill 409, Acts 52nd Leg., R.S. 1951, ch. 301,
p. 482, governing the issuance of certificates of title
on motor vehicles. You have presented a factual situa-
tion in connection with your request, the substance of
which is as follows:

A house trailer was purchased in the State of
Michigan by owner 'A' in 1947. Owner 'A' was issued a
certificate of title in Michigan, but the trailer was not
registered there because it was not permitted by Michigan
law. Subsequently owner 'A' moved to Louisiana where he
sold the trailer by executing an assignment of the title
to owner 'B'. Neither owner 'A' nor 'B' obtained a certif-
icate of title or registration in Louisiana because such
was not authorized under Louisiana law. Later owner 'B'
moved the trailer into Texas, where it was used for dwell-
ing purposes, and, because it was not used on the public
highways, was not registered. Owner 'B' now desires to
sell the trailer, but before doing so must under Texas
law obtain a certificate of title if it is to be regis-
tered and used on the highways. Under the Texas Highway
Department interpretation of the provisions of Article
1436-1, as amended, you have ruled that inasmuch as owner
'B' cannot furnish a manufacturer's certificate on the
trailer he must have a current registration receipt on
the trailer from some other State or Country than Texas
before you can issue to him a certificate of title.

You ask if the Texas Highway Department is cor-
rect in the above rulings.

In connection with your request you have stated that your department has also interpreted House Bill 409, supra, to mean that no new vehicle may be titled in the State of Texas unless a manufacturer's certificate is presented as evidence of ownership. This interpretation is in accordance with Attorney General's Opinion V-1211 (1951), which dealt with new motor vehicles. Your present request, however, presents an entirely different question from that answered in Opinion V-1211.

The following definitions are found in Article 1436-1, Vernon's Penal Code, the "Certificate of Title Act":

> "The term 'First Sale' means the bargain, sale, transfer, or delivery with intent to pass an interest therein, other than a lien, of a motor vehicle which has not been previously registered or licensed in this State or elsewhere; and such a bargain, sale, transfer or delivery, accompanied by registration or licensing of said vehicle in this State or elsewhere, shall constitute the first sale of said vehicle, irrespective of where such bargain, sale, transfer, or delivery occurred." (Sec. 7, Art. 1436-1, V.P.C., as amended by H.B. 409, Acts 52nd Leg., R.S. 1951, ch. 301, p. 482.)

> "The term 'Subsequent Sale' means the bargain, sale, transfer, or delivery, with intent to pass an interest therein, other than a lien, of a motor vehicle which has been registered or licensed within this State or elsewhere, save and except when such vehicle is not required under law to be registered or licensed in this State; and any such bargain, sale, transfer, or delivery of a motor vehicle after same has been registered or licensed shall constitute a subsequent sale, irrespective of where such bargain, sale, transfer, or delivery occurred." (Sec. 8, Art. 1436-1, V.P.C., as amended by H.B. 409, supra.)

> "The term 'New Car' means a motor vehicle which has never been the subject of a first sale within this State or elsewhere." (Sec. 9, Art. 1436-1, V.P.C., as amended by H.B. 409, supra.)

"The term 'Used Car' means a motor vehicle that has been the subject of a first sale whether within this State or elsewhere." (Sec. 10, Art. 1436-1, V.P.C., as amended by H.B. 409, supra.)

Section 28 of Article 1436-1, V.P.C., requires a manufacturer's certificate as the basis for a certificate of title to "any new motor vehicle the subject matter of the first sale." The term "new car" as defined in Section 9 of the Act is obviously synonymous with the term "new motor vehicle" as used in Section 28. As to such "new car" or "new motor vehicle", a manufacturer's certificate must be furnished as a prerequisite to the issuance of a certificate of title. Att'y Gen. Op. V-1211 (1951).

The question now presented is with reference to the issuance of a certificate of title on a vehicle which has never been registered and to this extent literally falls within the definition of a new car under Section 9 of Article 1436-1, V.P.C. However, in your specific fact situation the vehicle was not permitted to be registered under the laws of the State or Country where it was sold. It otherwise met all of the requirements of a "first sale" as defined in Section 7, and is in our opinion a "used" vehicle coming within the provisions of Section 10 of the act for the reasons hereinafter discussed.

It is well established that courts will look to the contemporary history of a statute, and to the historical background of the statute, to obtain aid in interpreting the statute. Cousins v. Sovereign Camp W.O.W., 120 Tex. 107, 35 S.W.2d 696 (1931). Thus it may be determined the circumstances under which the statute was passed, the mischief at which it was aimed, and the object sought to be accomplished, Boston Safe Deposit & Trust Co. v. Commissioner of Corporations & Taxation, 273 Mass. 212, 174 N.E. 116 (1930); Fedtler v. United States, 34 F.2d 30 (C.C.A. 3rd, 1929).

Prior to the enactment of House Bill 409, Sections 7 and 9 provided as follows:

"Sec. 7. The term 'First Sale' means the bargain, sale, transfer, or delivery within this State with intent to pass an interest

therein, other than a lien of a motor vehicle which has not been previously registered or licensed in this State.

"Sec. 9.  The term 'New Car' means a motor vehicle which has never been the subject of a first sale."

In construing the above sections, the court in State Highway Department v. Texas Automotive Dealers Ass'n., 239 S.W.2d 662 (Tex. Civ. App. 1951, error ref. n.r.e.), held that a "new car" which had been the subject of sale, but unregistered, in another State was a "used car" within the meaning of the Certificate of Title Act and could be brought into Texas and a certificate of title obtained thereon without the necessity of a manufacturer's certificate.  The fact that House Bill 409, supra, in amending Sections 7, 8, and 9 of the Certificate of Title Act, was designed to modify the holding in State Highway Department v. Texas Automotive Dealers Ass'n., supra, is made clear by the terms of the act itself.  It is expressly provided in the emergency clause that "The fact that hundreds of new motor vehicles are now being brought into the State of Texas as used cars, thereby endangering the title of such vehicles under the Certificate of Title Act . . . creates an emergency . . ." This emergency clause may be looked to in arriving at the legislative intent.  Huntsville Ind. School Dist. v. McAdams, 148 Tex. 120, 221 S.W.2d 546 (1949).

We think it clear from the above that all the Legislature sought or intended to do in enacting House Bill 409 was to require new cars that were brought into Texas, but which had been the subject of sale elsewhere, to be titled under the provisions of Section 28 (Manufacturer's Certificate), and not otherwise.  It would be unreasonable to conclude that the Legislature intended, under the provisions of House Bill 409, to require a manufacturer's certificate as a prerequisite to obtaining a certificate of title in the factual situation presented by you.  Such a holding would in many instances preclude the issuance of a certificate of title, and we cannot attribute any such intention to the Legislature.  Even though the literal wording of Sections 7, 8, and 9, as amended by House Bill 409, might require the treatment of the vehicle described by you as a "new vehicle," such a result would not be in accord with legislative intent.  This vehicle met all the requirements of a "first sale" with the exception of registration.  Registration was not permitted

in the State or Country where purchased. If registration
had been permitted it would have become a "used" vehicle
under the terms of the act itself. Situations such as
this have caused the courts to declare:

> ". . .'It is the intention of a law
> which is the law, and once truly ascer-
> tained, it should prevail, even against
> the strict letter of the law.' And an emi-
> nent text writer has said that if a literal
> interpretation of a statute 'leads to ab-
> surd results, the words of the statute will
> be modified by the intention of the legisla-
> ture. The modern cases also indicate that
> courts today rather than beginning their in-
> quiry with the formal words of the act con-
> sider from the start the legislative purpose
> and intention. This tendency is to be com-
> mended for it is more consonant with the
> proper judicial use of statutory materials.'
> Sutherland Statutory Construction (3rd Ed.
> by Horack) Vol. 2, Sec. 4701, p. 333. . . ."
> Huntsville Ind. School Dist. v. McAdams, supra.

It is therefore our opinion that the vehicle
described by you is a "used" vehicle and the Texas High-
way Department is not authorized under the provisions of
Sections 7, 8, and 9 of Article 1436-1, V.P.C., as amended
by House Bill 409, supra, to require a manufacturer's cer-
tificate on the vehicle as a prerequisite to the issuance
of a certificate of title thereon.

This brings us to a consideration of your re-
quirement that where a manufacturer's certificate cannot
be furnished on a vehicle such as described in your re-
quest the owner must furnish a current registration re-
ceipt on the vehicle from some other State or Country than
Texas as a prerequisite to the issuance of a certificate
of title. You have advised us orally that you are also
requiring a current registration receipt as a prerequisite
to the issuance of a certificate of title on used cars pur-
chased in another State prior to the effective date of
House Bill 409, and which are now standing on dealers' lots
in Texas. It is our understanding that these used cars
were registered in another State at some time in the past
but such out-of-state registration is not current as of the
time an application for certificate of title is filed with
you.

The definition of "First Sale" which is quoted above states only that it applies to a vehicle "which has not been previously registered or licensed in this State or elsewhere." The word "current" does not appear anywhere in the statute. It seems apparent that the legislative intent was not to require a current registration or it would have so provided. Certainly there was ample reason for the Legislature not to require a "current" registration. It undoubtedly knew that there were many "used cars" in Texas which were located on dealers' lots or otherwise not operated over the highways which did not and would not have current registration on them from the State where originally registered.

The Texas Highway Department is authorized by Sections 27, 30, and 55 of the Certificate of Title Act (Art. 1436-1, V.P.C.) to make appropriate provisions for the issuance of a certificate of title under all the circumstances reflected by your request. Section 27 authorizes the department to prescribe forms of application for such certificates. Section 30 makes provision for applications on vehicles brought into the State by others than manufacturers and importers, and contemplates tender by the applicant of such evidence as satisfactorily shows proper title. Section 55 authorizes the department to prescribe rules to carry out the orderly operation of the act. Under this authority, the department can provide for the acceptance of such evidence of title as is necessary for the protection of the public. Certainly we can see no reason for requiring a "current" registration from the State or Country where the used car was purchased as a prerequisite to the issuance of title. Such a requirement is, as pointed out by you, forcing the owners of such vehicles to spend large sums of money in securing registration plates "which have served no useful purpose."

You are therefore advised that the Certificate of Title Act does not authorize you to require a "current" registration from the State or Country where a "used" vehicle was originally purchased as a prerequisite to the issuance of a certificate of title on such "used" vehicle in Texas when the vehicle involved was not used in Texas in such a manner as to require a current registration.

## SUMMARY

A vehicle originally purchased and titled in Michigan in 1947, but which was not permitted to be registered under the laws of that State, that is later sold and transferred to an owner in Texas, but not used here in such a manner as to require its registration in Texas prior to the effective date of House Bill 409, Acts 52nd Leg., R.S. 1951, ch. 301, p. 482, is a "used" vehicle within the meaning of the "Certificate of Title Act" (Art. 1436-1, V.P.C.). Such vehicle may be lawfully titled in Texas upon presentation of proper evidence of ownership, other than a manufacturer's certificate.

A current registration receipt as a prerequisite to the issuance of a certificate of title is not required for motor vehicles which have been registered or licensed in this State or elsewhere for some prior year or years but have not been used in Texas in such a manner as to require a current registration.

Yours very truly,

APPROVED:

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By *V.F. Taylor*

V. F. Taylor
Assistant

VFT:jmc