## SOVEREIGN CAMP, W. O. W., v. COUSINS.

### No. 7453.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1930.

Rehearing Denied March 14, 1930.

Black & Graves, of Austin, Robert M. Turpin, of Tulsa, Okl., and De E. Bradshaw, of Omaha, Neb., for appellant.

Cofer & Cofer, of Austin, for appellee.

ABNEY, C. J.

This suit was instituted in the district court of Travis county by appellee, R. H. Cousins, against appellant, to recover the sum of $2,400, with interest, the amount alleged to be due under the old age benefit provisions of a certain beneficiary certificate issued to him by appellant and by reason of the provisions of the constitution and by-laws of appellant, and also to recover the sum of $70.75 being the amount of dues wrongfully paid by appellee and paid under protest. No jury being demanded in the district court all matters were submitted the court, and the court rendered judgment in favor of the plaintiff, R. H. Cousins, against the defendant in the sum of $3,269.20, being said sum of $2,400 with interest thereon, and from which judgment this appeal has been prosecuted.

It appears from the undisputed evidence that on May 21, 1891, the appellee became a member of the appellant, and that a beneficiary certificate was issued to him by the terms of which his life was insured in the sum of $3,000, and appellee's wife was named in said certificate as the beneficiary thereof in the

event of the death of said R. H. Cousins. Neither the original certificate nor a copy thereof was introduced in evidence in the court below, although it is admitted that said original certificate did not contain the old age benefit clause upon which this suit is based; it being further admitted that the constitution and by-laws of said organization made no provision for said old age benefit at that time. At the time appellee became a member of such organization, his assessment per month as premium for such insurance was the sum of $1.65. During the year 1899, said organization amended its constitution and by-laws and incorporated therein, among other provisions, the following:

"Sec. 53B. When any member of this Order in good standing shall have reached the age of seventy years, and shall have become totally, permanently, physically disabled, by reason of old age, on application therefor and satisfactory proof thereof being furnished to the Sovereign Commander and Sovereign Finance Committee, there shall be paid to said member, from the beneficiary fund, an amount equal to ten per cent. of that which would be due under the provisions of his certificate if he were dead, and at the end of each year thereafter, during his lifetime a like amount shall be paid to him, for nine consecutive years."

In 1915 further amendments were made and said section 53B was left in effect in substantially the same wording and designated as section 54a, and the following amendment seems to have been made, viz:

"Sec. 54b. The payment of any installment or installments of a certificate by the Sovereign Camp to the owner of said certificate does not bind the Sovereign Camp for further payments unless it can be shown that the insured is still totally and permanently disabled, and has remained in good standing in the Organization by the payment of all assessments and dues as in these laws provided."

Section 110a provides for the manner of payment of all dues and assessments, and further provides as follows:

"(b) Any member failing to pay the same on or before the first day of the month following, shall stand suspended and his certificate shall be void during such suspension."

Said constitution and by-laws were further amended during the following years, but the provisions with reference to the old age benefit seems to have been unchanged except as to benefits not involved in this case. On November 24, 1917, R. H. Cousins became seventy years of age, at which time, by reason of various amendments to said laws, his assessment rate had reached the sum of $3.25 and at which time he was totally, permanently, physically disabled by reason of old age. On August 10, 1918, the beneficiary under said

original certificate having died, and R. H. Cousins having made application for a change of the beneficiary, a new beneficiary certificate No. 357 was issued by said organization in lieu of and carrying all the rights under the certificate issued May 21, 1891. This certificate, No. 357, expressly provided for the payment of old age benefits in accordance with the laws of said organization and also expressly provided that said benefits would be paid if the same conditions of disability exist each year, and the insured continued to maintain himself in good standing in the society by the payment of all assessments and dues. By reason of the conditions on the back of said certificate, which conditions were made a part of the certificate, it was agreed that, as consideration for the issuance of said certificate, the holder thereof bound himself to pay all assessments and dues that are required of him during the time he shall remain a member of the society, and to make such payments at such time, in such manner, and in such amount as is required by the constitution and laws of the society now in force or which hereafter may be adopted. In September, 1918, R. H. Cousins made application for the payment of $300 under the terms of said old age benefit, and upon proper proof was paid said sum of $300; and also in October, 1919, made a similar application, and upon proper proof was paid the sum of $300, which sums were indorsed upon the back of said certificate, and the benefits thereunder were reduced to $2,400. During the year 1919, the by-laws of said organization were amended so that the total rate of all certificate holders of the class of R. H. Cousins would be the sum of $20.29 per month, which amendment became effective on December 31, 1919. The said R. H. Cousins thereafter refused to pay said increased rate, but continued to pay at the rate of $3.25 per month up until the filing of his suit, and refused to allow said organization to charge the difference in said rates as a lien against his said certificate. On November 24, 1927, R. H. Cousins attained the age of 80 years, and continued to pay the sum of $3.25 per month to the clerk of the local chapter of said organization, which sum was paid under protest on the part of said Cousins and was accepted by said clerk until the institution of this suit.

By trial amendment in the district court, the plaintiff prayed for judgment for the balance of $2,400 due on his said certificate, with legal interest thereon, and also for a refund of the sum of $3.25 per month for each month he had paid after reaching the age of 80 years. The defendant, Woodmen of the World, answered, pleading in bar of such recovery its constitution and by-laws, the provisions of said certificate, and the forfeiture by plaintiff of all rights to said old age benefit by reason of nonpayment of dues and assessments. By supplemental petition plaintiff pleaded that

upon attaining the age of 70 years his right to said old age benefit became vested, and that said organization was without power to require a higher rate of him after that time, and, further, that the rates required were excessive, unreasonable, and confiscatory, and therefore void.

Upon a hearing thereof, the court below rendered judgment in favor of the plaintiff for the balance of $2,400 due by reason of said old age benefit, together with legal interest thereon, and, upon request, the court filed his findings of fact and conclusions of law. Each finding of fact and conclusion of law is assigned as error by the appellant. After a careful consideration of all assignments, we are of the opinion that this case may be disposed of under the appellant's eighth assignment of error which complains of the court's action in its first conclusion of law, which conclusion is as follows:

"1. That when plaintiff attained the age of seventy years on November 24, 1917, being in good standing in defendant's association and having complied with all the by-laws in force at that time, his rights became fixed and vested and he became entitled under his policy to the old age benefits provided in his Beneficiary Certificate and the by-laws of defendant, and that thereafter the defendant was powerless by any subsequently enacted by-law to abrogate such vested rights or increase the rates or lay any additional burdens or conditions upon plaintiff."

█ If appellee's rights had become vested upon his attaining the age of 70 years, this conclusion would be correct, but, in our opinion, such rights did not become vested. A vested right is a present or future right to do or possess certain things not dependent upon a contingency. The original certificate not providing for the old age benefits and the constitution and by-laws then in force not providing for same, the appellee must necessarily rely upon his certificate No. 357 and the laws enacted after 1891 for any benefits he may have. The said certificate, No. 357, expressly provides that in order for the insured to secure the old age benefits his disability must remain each year, and he must continue to maintain himself in good standing in the society by the payment of all dues and assessments. On the back of said certificate there is a provision that the holder of the same shall pay all dues and assessments that are required of him during the time he shall remain a member of the society, and that he shall make such payments at such time, in such manner, and in such amount as is required by the constitution and laws of the society then in force or which may thereafter be adopted. This provision is made a part of the contract and is recited to be a part of the consideration therefor. The laws of said organization adopted in 1899 authorizing a provision for the old age benefit also required that the holder of a certificate should be in good standing and be permanently physically disabled by reason of old age, in order that he might secure the old age benefits thereunder. The by-laws thereafter passed merely made more definite and certain the provisions as to said old age benefits, and provided more specifically the penalty in the event the holder of a certificate failed to pay such dues and assessments. Hence, it is plain to be seen that the right of appellee to the old age benefits was contingent, first, upon his attaining the age of 70 years and being totally permanently disabled by reason of old age, and this disability continuing each year; and, secondly, upon his being a member in good standing. He could be entitled to the payment of $300 upon his attaining the age of 70 years, and at the age of 71 not be entitled to another payment. The same conditions must exist each year under the terms of his policy and said by-laws. These conditions were not only agreed to by the appellee by contract, but were also further recognized by appellee by virtue of the applications he filed for said benefits. The evidence is that appellee made proof of his disability and good standing in 1918, and at that time made application for the payment of $300. Like proof and an application were made in 1919, thereby showing that he understood the payment for each year was separate and dependent upon the foregoing conditions. We, therefore, conclude that appellee's right to said benefits did not become vested at the time he became 70 years of age, neither did they become vested at any time thereafter.

█ Said contract and by-laws providing for a forfeiture of all rights under said policy in the event of failure to pay all dues and assessments, the said R. H. Cousins would have no further rights to said old age benefits unless the increase in the rates required of him was unreasonable and confiscatory. In determining the question as to the reasonableness of a schedule of rates of an organization such as the Woodmen of the World and like organizations, it would seem that the proper test is whether or not a necessity existed for the rates adopted, and the amount of the rates alone should not be considered. Supreme Lodge, Knights of Pythias v. Mims, 241 U. S. 574, 36 S. Ct. 702, 60 L. Ed. 1179, L. R. A. 1916F, 919; Fowler et al. v. Sovereign Camp of Woodmen of World, 106 Neb. 192, 183 N. W. 550. Under these authorities and numerous others, the rates complained of in the case at bar would be presumed to be reasonable unless it was shown that no necessity existed for the increase in said rates. No evidence was offered upon this question, the only evidence being the amount of the increase, which, under the above holdings, cannot determine the question. In the Fowler Case, above referred to, the 1919 schedule of rates

of the Woodmen of the World, being the particular rates complained of in this cause of action, was upheld by the Supreme Court of Nebraska. In the Fowler Case, the court held that a necessity was shown to have existed for the increase in the rates, and the full schedule of rates was held to be valid. In our opinion, the courts of Texas, as well as those of other states, are bound by the decision in the Fowler Case. It has been held by the Supreme Court of the United States that the rights of members of a corporation of a fraternal and beneficiary character have their source in the constitution and by-laws of the corporation, and can only be determined by resort thereto, and such constitution and by-laws must necessarily be construed by the law of the state of its incorporation. Supreme Council of Royal Arcanum v. Green, 237 U. S. 531, 35 S. Ct. 724, 59 L. Ed. 1089, L. R. A. 1916A, 771. The appellant organization being a fraternal and Nebraska being the state of its organization and incorporation, we are necessarily bound by the decisions of the courts of that state.

■ It is the contention of the appellee that section 53B of the 1899 laws of said organization provides that the assessment rate and dues then in force should thereafter remain in force, and, therefore, it could not raise its rates and dues. We find nothing in said laws which could be construed to have this meaning. After authorizing the payment of an old age benefit, and the manner thereof, said by-law recites as follows: "provided said member's assessment rate and all dues provided by the by-laws of the Order shall remain and shall be paid as before provided." We find no pleading to sustain this contention, and do not construe said provision to mean that the rates then in force should thereafter remain the same. Such a construction would destroy the purpose of the organization.

■ The appellee further contends that the appellant is estopped from denying liability by reason of its acceptance of the sum of $3.25 per month after appellee attained the age of 70 years. We see no merit in this contention. This amount was paid to the clerk of the local chapter after the 1919 laws were passed, and there is no evidence which would tend to show that the appellant agreed to or ratified the payment of such an amount. On the contrary, it is admitted that when appellee made application in 1920 for the benefit, said organization refused payment of the same on the grounds that appellee had not paid the increased rate. He was offered a cash settlement on his policy, which he refused. His testimony shows plainly that he contended for the $3.25 rate, and the society demanded the increased rate. The clerk had no authority under the laws of said organization to waive any of the conditions upon which the certificate was issued.

■ We, therefore, conclude that under the terms of the said certificate No. 357, and the laws of said organization, the appellee forfeited all rights to said old age benefits when he refused to comply with the requirements of the 1919 laws of said organization and refused to pay the rate demanded of him.

The appellee having paid the sum of $70.75 under protest to protect what he believed his rights to be under said certificate, the same should be refunded to him. He has proper pleadings for this recovery, and it should have been awarded.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered that the appellee take nothing upon the certificate sued upon, but that he recover against the appellant the sum of $70.75 paid by him as assessments or dues since he became 80 years of age.

Reversed and rendered, with instructions.

### On Motion for Rehearing.

Both parties attack in motions for rehearing our findings and judgment in favor of appellee for the $70.75 for premiums paid by said appellee after he reached the age of 80 years. We find upon reexamination of the record that only in the event appellee recovered the full amount of his old age annuities would he be entitled to recover such premiums as improperly paid. Having denied him such recovery, it follows that he could recover such premiums only upon cancellation of his certificate in toto at 80 years of age. Neither he nor the insurer undertook to do this. Hence, our judgment in this respect was error. Said motions are therefore granted to this extent, and our judgment heretofore entered in favor of appellee for said $70.75 is set aside, and judgment rendered that appellee take nothing against appellant by his suit herein. In all other respects our original opinion herein is in all things adhered to, and said motion of appellee is in all other respects overruled.

Motion granted in part, and in part overruled.