## GRAND UNITED ORDER OF ODD FEL-LOWS v. MASSEY.

### No. 11758.

Court of Civil Appeals of Texas. Dallas.
Oct. 19, 1935.

Carter W. Wesley, of Houston, for appellant.

Bonner R. Landman, of Athens, and McKee & Green, of Dallas, for appellee.

JONES, Chief Justice.

Appellee, R. H. Massey, instituted this suit in the county court of Henderson county against appellant, the Grand United Order of Odd Fellows, a colored fraternal benefit association. The suit was for damages in the amount of the quarterly dues, together with interest, that he had paid to appellant on a certificate of insurance issued to him October 19, 1908, basing such damages on the alleged wrongful forfeiture of his insurance certificate. The forfeiture was declared on July 15, 1932. Judgment was in favor of appellee for the amount of the dues, with interest thereon that he had paid, in 'the sum of $429.70, together with interest from November 2, 1933, the date of the judgment. Appellant has duly perfected an appeal.

Appellant duly filed a plea of privilege to be sued in the county of Harris, in which county is its home office. This plea of privilege was duly controverted by appellee, in which it was alleged that venue in Henderson county was given under subdivision 28a of article 1995 (Vernon's Ann. Civ. St.), the general venue statute. The plea of privilege was overruled on the day the case went to trial, and appellant duly gave notice of appeal to this court, and this issue presents the first question for consideration.

The record does not disclose that there was any formal bill of exception to the action of the court in overruling the motion, nor does the record disclose affirmatively that no evidence was heard on the hearing of the plea of privilege. In the absence of such an affirmative showing, it must be presumed that the court did hear evidence and that appellee was shown, as alleged in his petition and in his controverting plea, to be a resident of Henderson county, and that appellant is a "fraternal benefit society," operating within this state, and hence that venue was properly laid in Henderson county. Gohlman, Lester & Co. v. Griffith (Tex. Com. App.) 245 S. W. 233, the opinion adopted by the Supreme Court; Flatt v. Republic Insurance Co. (Tex. Civ. App.) 19 S.W. (2d) 826.

On the merits of the case, the trial court, as shown by the record, committed the two errors complained of as appellant's main contentions, to wit: (1) The case was submitted on a general charge after special issues had been requested in writing by appellant; and (2) the court consulted with the jury at its request in the jury room, in the absence of the attorney for appellant. Unless each of these errors is shown to be harmless, this case must be reversed.

Appellee, at the close of evidence, requested peremptory instructions. If this request should have been granted, then there was no issue of fact to be submitted to the jury, and the two said errors are harmless.

The undisputed evidence shows that appellee had joined appellant's local lodge some ten years before his certificate was issued, and that he was recognized by appellant as a member of the order, in good standing, until July 15, 1932, when his insurance certificate was declared forfeited and his dues for two quarters (paid at one time during the latter quarter) returned to him. While the by-laws, in effect, provide that if a member fails to pay his quarterly dues on or before the first of the month, immediately following said quarter, such member's insurance certificate shall become automatically forfeited, yet it was pleaded by appellee and proven by undisputed evidence that it was the general custom of the Grand Lodge, through its duly qualified officers, not to enforce such forfeiture, provided the insured would not become in arrearage for more than two quarters, and would pay to the Grand Lodge the two accumulated quarterly dues before the expiration of the second quarter. Under a long line of authorities in this state, when such a custom is shown to exist, the insurer is held to have waived the forfeiture, and to be estopped to declare same. 19 R. C. L. § 74, pp. 1274, 1275; Supreme Lodge, K. P., v. Hooper (Tex. Civ. App.) 282 S. W. 867 (writ of error refused), and the long list of authorities therein cited.

Under the undisputed evidence in this case, appellee had tendered, and the Grand Lodge had received, the dues for the two quarters preceding the forfeiture, during the second quarter, and, under the rule announced by the above authorities, is estopped, as a matter of law, to return the dues and to declare a forfeiture.

The only facts in this record that in any way tend to dispute this claim of appellee is the introduction of three letters from the secretary of the Grand Lodge to the secretary of the local lodge, in reference to some preceding payments by appellee of two quarters in arrearage; such payments being made before the expiration of the second quarter. These communications, in respect to these three letters, state that the money was received, but would be held in suspension—the first payment for 10 days, the second payment for 30 days, and the third payment for 10 days—pending the return by appellee to the Grand Lodge of a health certificate, a blank for which was sent in each letter. In reference to this, there is a dispute in the evidence. The secretary of the order testifies that he presented appellee with a blank application for a health certificate each time he received one of these communications; appellee testifies that no such health certificate was presented to him by such local secretary, and that he had no knowledge of his dues being held in suspension. As we must deal with this question from the standpoint of appellee's right to peremptory instruction, we must assume the truth of the evidence of the local secretary; but assuming it to be a fact that appellee was informed that his payment of dues would be held in suspension for the named time, and that the health certificate must be sent within the allotted time, the undisputed evidence shows that such payment is still held by the Grand Lodge, and the money never returned to appellee. As each time for the holding of the money in suspension has long since expired, and ap-

pellant has retained possession of same, we must assume that, as a matter of law, appellant waived such suspension. The forfeiture is not declared on the failure to furnish the health certificates, or either of them. This would be but in line with the general custom it had established. We therefore hold that appellant's pleading presented a cause of action on his allegations of waiver and estoppel, and that this pleading is sustained by the undisputed evidence.

■ The undisputed evidence shows the amount of dues appellee had paid during the years his certificate was in force, and the court, in entering judgment, assumed the measure of damage to be the amount of such dues, together with 6 per cent. interest from the time of their respective payments. Appellant contends this to be error, and that the damages should be the value of the policy. We concede this to be the general rule, but another rule has been established, under circumstances similar to the instant case. One ground of forfeiture was stated by the Grand Lodge to be that appellee was over the age for insurance, and the evidence shows this to be a fact. It has been declared by our courts that, under such a condition, the value of the policy will not be the full measure of appellee's damages. Washington Life Ins. Co. v. Lovejoy (Tex. Civ. App.) 149 S. W. 398, 405; Supreme Lodge, K. P. v. Mims (Tex. Civ. App.) 167 S. W. 835, 843; Grand Lodge Brotherhood of R. R. Trainmen v. Martin (Tex. Civ. App.) 218 S. W. 40. These decisions apply the same rule of damages as applied by the trial court in the instant case, under conditions where the insured had passed the age limit for insurance.

Appellee filed a cross-assignment, because of the error of the court in refusing to give his requested peremptory instruction. We are of the opinion that this cross-assignment must be sustained, and hold that appellee was entitled to peremptory instruction in his favor against appellant for the amount of damages named in the judgment.

■ It affirmatively appearing from the undisputed evidence that appellant had established the custom of receiving, in the same payment, the amount of two quarterly dues from its members, when the payment was made before the expiration of the second quarter, without applying its right of forfeiture, and as the amount of damages is shown by undisputed evidence, there is affirmatively shown no jury issue, and the error of the court in submitting the case on a general charge, after a request for a submission on special issues, as well as the error of the court in interviewing the jury in the jury room in the absence of appellant's counsel, are both harmless, and the case should be affirmed, and it is so ordered.

Affirmed.