SECURITY BEN. ASS'N v. HENDRICKSON.

No. 3358.

Court of Civil Appeals of Texas. El Paso.
April 23, 1936.

Rehearing Denied June 4, 1936.

Abney & Whitelaw, of Brownsville, for appellant.

Gus Butler, of San Benito, for appellee.

PELPHREY, Chief Justice.

On September 30, 1913, appellee became a member of the Knights and Ladies of Security, a fraternal beneficiary society incorporated about the year 1892 in the state of Kansas. In connection with such membership, the society issued to her a certificate agreeing to pay to her three children the sum of $1,000 upon her death.

On or about the 23d day of September, 1913, the society changed its name to the Security Benefit Association. For many years the society has been licensed to do business in Texas.

The monthly premiums on the certificate at the time of its issuance were 90 cents per month and 15 cents per month as local lodge dues. These monthly premiums were increased from time to time until October 1, 1934, when the rate for the months of October, November, and December, 1934, was raised to $3.50, which, plus the 15 cents for local lodge dues, made the amount payable each month $3.65.

Appellee tendered the sum of $1.90 for the month of October; this sum being the amount she had been paying. This amount appellant's agent refused to accept.

On December 31, 1934, appellee filed this suit seeking to recover the premiums paid by her in the sum of $346.65, together with $186.91 interest from the dates of the various payments at the rate of 6 per cent.

Appellant, in reply to the suit, alleged its right to raise the rates and the power so given it by appellee at the time of the issuance of the certificate. It further alleged that it had received from appellee during the life of the certificate the sum of $308.85, which sum it alleged to be a reasonable charge for the insurance protection furnished appellee during the period from October, 1913, to September, 1934.

In a trial before the court, judgment was rendered in favor of appellee for the full amount prayed for by her, and this appeal followed.

Opinion.

In five propositions appellant asserts that the application, certificate, charter, constitution, and laws, together, constitute the contract; that appellee has no vested right to insist on the continuation of a system which will end disastrously for the society; that, appellee having agreed in her application to be bound by future as well as existing by-laws, she cannot complain of any increase in rates which are necessary to effect the purpose and permit the continuation of the society; that the reasonableness of new rates is a matter of law, and that they will be presumed to be reasonable and necessary in the absence of a showing to the contrary; and that, the contract being valid at its inception and

later terminated, the society is entitled to retain premiums paid.

 Whether or not the premiums paid can be recovered by a certificate holder depends upon whether or not there has been a repudiation of the contract by the society. If there has been it seems to be well settled in Texas that they may be recovered. Supreme Council Amer. Legion of Honor v. Batte, 34 Tex.Civ.App. 456, 79 S.W. 629; Ericson v. Supreme Ruling, Fraternal Mystic Circle, 105 Tex. 170, 146 S.W. 160; Texas Mut. Life Ins. Ass'n v. Boyd (Tex.Civ.App.) 89 S.W. (2d) 821; Grand United Order of Odd Fellows v. Massey (Tex.Civ.App.) 87 S. W.(2d) 310.

 Whether or not a repudiation of the contract results from an increase in the rates depends upon the necessity for, and the reasonableness of the increase. Sovereign Camp, W. O. W., v. Cousins (Tex.Civ.App.) 26 S.W.(2d) 453, holding approved by Special Supreme Court, 120 Tex. 107, 35 S.W.(2d) 696.

In the absence of a showing that there was no necessity for the increase, it was held in the same case that the increase would be presumed reasonable.

 There was no evidence introduced by appellee here on the question of the necessity of the increase, and the only evidence as to the reasonableness of the increased rate was that of the witness Taylor, who said that in his opinion the sum of $3.65 per month for insurance of this character in the sum of $1,000 was an unreasonable charge. While the burden was upon appellee to show the lack of necessity for the increase in rates, yet appellant, through the deposition of Mr. Abrahams, national secretary of the society, established that, because of the fact that many of the younger and healthier members of the association lapsed their insurance, the association found that the amount of assessments fixed for the triennium of 1932, 1933, and 1934 was not sufficient to pay the obligations of the association maturing during that time, and a deficit between contributions and liabilities amounting to almost $2,000,000 had occurred, and that certificate holders similar to appellee lacked $2,400,000 during 1932, 1933, and 1934 of paying enough in mortuary payments to meet the benefits paid out by the association to her class during that period, and for that reason it became necessary to increase appellee's assessments and the other members holding certificates of the same class in order to perpetuate the association and prevent it from being driven into insolvency.

Appellee, having failed to show that it was not necessary to increase the rates, failed to establish her cause of action, and, appellant, on the other hand, having shown a necessity for the increase, we have concluded that the court erred in its judgment, and that it should be reversed and judgment here rendered that appellee take nothing by her suit.

It is so ordered.