NATIONAL AID LIFE OF OKLAHOMA
CITY, OKL., v. ALEXANDER et al.

No. 2055.

Court of Civil Appeals of Texas. Eastland.

Oct. 25, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

L. H. Welch, of Breckenridge, for appellees.

FUNDERBURK, Justice.

W. A. Alexander and others (each suing for himself but joining to avoid a multiplicity of suits) brought this action against National Aid Life of Oklahoma City, Oklahoma, a corporation, asserting rights under a contract by which it was alleged the defendant had assumed policies of insurance held by the plaintiffs in the Mutual Life Insurance Company of Breckenridge, Texas. The defendant filed a plea of privilege to be sued in Tarrant County, the county of its alleged residence. By controverting affidavit plaintiffs sought to maintain the venue in Stephens County upon different grounds, including exceptions 23 and 28a to the general rule of venue, as prescribed in Vernon's Annotated Civil Statutes, Art. 1995. In other words, the venue was sought to be sustained by the plaintiffs upon the grounds, among others, (1) that the action was one brought against a state-wide Mutual Assessment Company growing out of, or based upon, alleged rights or claims or loss or proceeds due, arising from or predicated upon policies or contracts made by the defendant, and (2) that defendant was a private corporation and had an agency or representative in Stephens County. Judgment having been rendered for the plaintiffs overruling the plea of privilege, the defendant has appealed.

Appellant has filed a formal suggestion referring to the opinion of this court in National Aid Life v. Mrs. Kate Self, 140 S. W.2d 606, and, construing that decision as holding, in substance, that "it was not necessary for the plaintiff to make proof of a cause of action where she relies upon subdivisions 23 and 28a of Art. 1995, R.S." states that "appellant believes that the identical question is involved in this case, and that the final result in the Kate Self case will control the decision herein." The purpose of the suggestion is stated to be that appellant "desires to save the court the time that would be required in reading the Statement of Facts and Transcript and agrees that this case is governed by the same basic principles that are involved in the Kate Self case."

This suggestion and agreement warrants our determining this case upon the assumption that under the pleadings and evidence the decision in the Self case is applicable.

We re-affirm the decision in said National Aid Life v. Self, supra, as decisive of said two questions of venue in this case, and also the further question that under said

**378**

particular exceptions to the general rule of venue it is not necessary that the evidence show a cause of action against the defendant. As respects exception 28a, see also to the same effect National Aid Life Ass'n v. Driskill, Tex.Civ.App., 138 S.W.2d 238.

The appellant referring to recent cases dealing with the subject of "venue facts" says: "We have yet been unable to find that in any of these cases the evidence proved without controversy that no cause of action existed against the defendant." Such authority, we think, is not wanting. The holding of the Supreme Court in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, is believed to be correctly stated by the syllabus writer in the Southwestern Reporter, thus: "Where plaintiff establishes his right to maintain venue where laid by alleging joint cause of action against two defendants and proving cause of action against resident defendant, such right is not altered if evidence upon hearing of plea of privilege affirmatively discloses that plaintiff had no cause of action, either joint or several, against nonresident defendant." In Compton v. Elliott, Tex.Civ.App., 55 S.W.2d 247, all members of this court, as then constituted, were in agreement that the evidence showed conclusively that if the alleged crime which was the basis of the suit was committed, it was committed in Stephens County. Because the evidence did not show conclusively the commission of the alleged crime, thereby rendering the question one of fact, it was the majority view that the action of the court in sustaining the plea of privilege and transferring the case to Shackelford County implied a finding to the effect that the alleged crime had not been committed. Such majority view was sustained by the Supreme Court. 126 Tex. 232, 88 S.W.2d 91. Manifestly, since the suit was based upon the commission of a crime a finding that no crime was committed would at the same time show there was no cause of action. Yet, the cause was transferred for trial to the county of the defendant's residence. We have no doubt of the soundness of the conclusion that in every case where the particular exception to the general rule of venue relied upon to sustain venue outside the county of defendant's residence involves no venue fact or facts, the required proof of which is evidence of a cause of action, it is immaterial on the trial of the plea of privilege that the evidence may show that there exists no cause of action against the defendant asserting his privilege.[1]

We conclude that the judgment of the trial court should be affirmed and it is accordingly so ordered.

[1] Said exception 23 provides for alternative venue facts, some of which call for evidence showing a cause of action, while others do not. The venue facts herein relied upon do not.