**NATIONAL MUT. BEN. ASS'N, v. MAGGARD et al.**

No. 5899.

Court of Civil Appeals of Texas. Texarkana.

March 27, 1942.

Rehearing Denied April 9, 1942.

Simmons & Smyth, E. E. Fischer, and Fred Much, all of Houston, for appellant.

Moore & Moore and E. L. Myers, all of Paris, for appellees.

HALL, Justice.

This is an appeal from an order of the District Court of Lamar County overruling appellant's plea of privilege to be sued in Harris County, the county of its residence.

By appellant's first point, the contention is made that appellees' petition, which was made a part of their controverting affidavit, was subject to a general demurrer, and therefore did not state a cause of action within the meaning of the venue statute. By points 2 and 4, the contention is made that appellees' claim does not arise from nor is it predicated upon the policies or certificates of insurance. By point 3, appellant asserts that the trial court erred "in concluding that venue of this action is governed by subdivision 28a of Revised Civil Statutes, Article 1995 * * * and that therefore venue is properly laid in Lamar County, Texas."

The record shows without dispute that appellant is a statewide mutual assessment company; that its residence is in Harris County; and that appellees' residence is in Lamar County. The record also shows that in 1935 appellant issued to appellee Mrs. Maggard two policies of insurance, one for $2,000 and the other for $3,000. In their controverting affidavit appellees sought to maintain venue of the suit in Lamar County against appellant, under subdivision 28a of Revised Statutes, Article 1995, Vernon's Ann.Civ.St. art. 1995, subd. 28a, for damages for the breach of the two insurance policies. Subdivision 28a, Revised Statutes, Article 1995 is:

"In all actions brought against Fraternal Benefit Societies and/or Statewide Mutual

Assessment Companies, regardless of the plan upon which they operate and whether incorporated or not, growing out of or based upon any alleged right or claim or loss or proceeds due, arising from or predicated upon any policy or contract issued or made by such Fraternal Benefit Society and/or Statewide Mutual Assessment Companies, venue shall lie in the county where the policyholder or. beneficiary instituting such suit resides or in the county of the principal office of such association or where such cause of action arose."

■■ If it were necessary for appellees under the provisions of the subdivision of the statute copied next above to establish the nature of the cause of action against appellant, we hold that this was sufficiently accomplished by the introduction in evidence of appellees' original petition. This at least, prima facie, established such fact. In the recent case of Hurley v. Reynolds, Tex.Civ.App., 157 S.W.2d 1018, 1021; it is said: "The first of said venue facts pertains' to the nature of the suit and, as to it, plaintiff's petition was the 'best and all-sufficient evidence.'" But it is contended that appellees' cause of action does not grow out of nor is it based upon "any alleged right or claim * * * arising from or predicated upon any policy or contract [of insurance]." It is sufficient to say in answer to this contention that except for the existence of the insurance contracts, appellees' cause of action would be without foundation, for whatever cause of action there is "grows out of" and "arises from" the contracts of insurance. The only other two facts necessary to be established by appellees to maintain their suit in Lamar County under subdivision 28a of Article 1995 were, (1) that appellant was a statewide assessment company, and (2) that appellee Mrs. Maggard resided in Lamar .County. Both of these facts are admittedly true. The case of Edmondson v. Underwriters Life Ins. Co., Tex.Civ.App., 153 S.W.2d 236, 238, is controlling here. In that case in a well-considered opinion by Judge Looney it is said:

"It is obvious that, under the exception just quoted [see Article 4859f, Sec. 17], a suit to recover for a loss or benefit arising under a policy may be maintained in the county where the policyholder or beneficiary resides. As such a suit necessarily would be based upon the breach of some provision of the policy, we fail to see any reason why the Legislature would exclude from the exception a suit to recover upon a claim based upon a breach of the policy in any respect, nor do we think the Legislature had any such intention, which, in our opinion, a proper analysis and punctuation of the exception will disclose. We are of opinion, therefore, that an action based upon a claim arising from the breach of the policy, such as the claim under consideration, may be maintained in the county of the residence of the policyholder, and that the statute in question should be so construed. However, if we should be mistaken in the construction placed upon the statute in question, we think the agreed facts clearly show that, the court below had venue of the cause under Exception 28a of Art. 1995, Vernon's Ann.Civ.St. art. 1995, subd. 28a."

See, also, Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Grand Order of Odd Fellows v. Massey, Tex.Civ.App., 87 S.W.2d 310; National Aid Life v. Alexander, Tex.Civ.App., 144 S.W.2d 377; National Aid Life v. Self, Tex. Civ.App., 140 S.W.2d 606. The above points are overruled.

■ Appellant contends that R. S. Article 5068—1, Vernon's Ann.Civ.St., is unconstitutional if given the effect contended for by appellees in their cause of action. It is not proper to pass upon this question in disposing of the case now before us, but same must be reserved for the trial of the cause upon its merits. Davis v. Texas Life Ins. Co., Tex.Civ.App., 22 S.W.2d 960.

We have examined all other points brought forward by appellant, they are believed to be without merit, and are overruled.

The judgment of the trial court is in all things affirmed.