UNIVERSAL UNDERWRITERS LLOYDS, Appellant,

v.

Barbara F. SULIK, Appellee.

No. 10362.

Court of Civil Appeals of Texas.

Austin.

Jan. 25, 1956.

Rehearing Denied Feb. 15, 1956.

Leachman, Gardere, Akin & Porter, J. Carlisle DeHay, Jr., Dallas, for appellant.

C. C. Jopling, La Grange, for appellee.

GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

Appellee sued appellant for damages resulting to her because of the theft of her automobile which was also stripped and destroyed by fire. She alleged that appellant issued to her a policy of insurance insuring her said automobile against loss by theft for a period of one year from October 16, 1953, and that her said automobile was stolen November 10, 1954. She further alleged that the policy of insurance was issued by La Grange Motor Company, Deputy Attorney-in-Fact for appellant; that on the date of the theft the said policy had by its terms expired but that she is entitled to recover because of the custom of all insurance companies to notify policyholders thirty days before policies expire of their expiration date and that on December 17, 1952, appellant undertook and assumed the obligation of notifying the policyholders who had been issued policies by La Grange Motor Company of the expiration date of such policies thirty days before the same expired and if the premium was not received within ten days of the expiration date to issue a second notice, and that it failed to give such notices. She alleged that she knew of said undertaking by appellant, that she relied on it and that if she had received such notice she would have paid the premium on her said policy and thereby kept the same in full force. She alleged that appellant was negligent in failing to perform its said obligation and that such negligence was the proximate cause of her damage.

Appellant filed its plea of privilege to be sued in Dallas County, the county of its residence. At a nonjury trial this plea was overruled.

Upon appellant's request the trial court filed findings of fact and conclusions of law. These findings of fact are to the effect that appellant issued the policy of insurance to

appellee; that it insured appellee's automobile against loss by theft for a period of one year from October 16, 1953; that appellee's automobile was stolen November 10, 1954; that appellant denied liability under the policy; that a part of appellee's cause of action arose in Fayette County, and that appellee made out a prima facie case of estoppel against appellant.

The policy of insurance introduced in evidence provides that any loss payable under the policy is payable to appellee, as her interest may appear, in La Grange, Fayette County, Texas.

Appellee seeks to recover from appellant the reasonable market value of her automobile alleged to have been stolen and alleges she is entitled to so recover under the insurance policy introduced in evidence which provides that such loss is payable in Fayette County. In National Mut. Ben. Ass'n v. Maggard, Tex.Civ.App., 161 S.W. 2d 142, 143, the Court said:

"But it is contended that appellees' cause of action does not grow out of nor is it based upon 'any alleged right or claim * * * arising from or predicated upon any policy or contract (of insurance).' It is sufficient to say in answer to this contention that except for the existence of the insurance contracts, appellees' cause of action would be without foundation, for whatever cause of action there is 'grows out of' and 'arises from' the contracts of insurance."

The question before the Court in the above case was one of venue under Vernon's Ann.Civ.St. art. 1995, exception 28a but we think the language of the Court is applicable here to show that appellee's cause of action, or a part thereof, arose in Fayette County.

■ The contract of insurance made the basis of appellee's suit provides the loss is payable in Fayette County, and the venue of such suit may be maintained in that county under exception 5. In Rudman v. Hawkins, Tex.Civ.App., 226 S.W.2d 491, 493, the Court said:

"In order to sustain venue in the county where suit is brought against a non resident under Subdivision 5, it is not necessary for a plaintiff to establish his cause of action against the defendant therein. This remains for a trial on the merits. The venue facts which must be alleged and proved are, (1) a contract in writing (2) to perform the obligation sought to be enforced in the county in which suit is brought. Petroleum Producers Co. v. Steffens et al., Com. of Appeals, 139 Tex. 257, 162 S.W.2d 698; Farmers' Seed & Gin Co., Inc., v. Brooks, Com. of Appeals, 125 Tex. 234, 81 S.W.2d 675; Bradley v. Trinity State Bank, Com. of Appeals, 118 Tex. 274, 14 S.W.2d 810; Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128; Gifford-Hill & Co., Inc. v. Hearne Sand & Gravel Co. et al., Tex.Civ.App., 183 S.W.2d 766."

Upon the trial on the merits it may or may not be determined that the insurance on appellee's automobile had expired at the time of the loss and that appellant is not liable however it is not necessary for us to determine those questions here. Cunningham v. Allison, Tex.Civ.App., 202 S. W.2d 297.

Mr. L. H. Frede testified that La Grange Motor Company was Deputy Attorney-in-Fact to issue policies for appellant; that he was secretary and treasurer of La Grange Motor Company and issued the policy in question. On cross examination by appellant's counsel he testified that the policy he wrote for appellant and delivered to appellee expired by its terms October 16, 1954, and before the loss on November 10, 1954. There was introduced in evidence "Endorsement to Deputy Attorney-in-Fact" which was signed by appellant and accepted by La Grange Motor Company. There was also introduced in evidence a letter from appellant to La Grange Motor Company relative to the renewal of policies. This letter stated that appellant would notify

policyholders of the expiration date of their policies.

While no point is here made on the question we think the evidence sufficient to show that the policy of insurance was the obligation of appellant and that it was issued by its authority.

 In closing we note that the witness Frede testified that it is customary to notify policyholders about thirty days prior to the expiration date of the policy. We observe that a general custom would not be admissible to enlarge the contract in question. See 42 Tex.Jur. p. 847, Sec. 18. We also observe that appellant might by custom waive the forfeiture of its policies for the nonpayment of premiums or it might be estopped to claim such forfeiture. Equitable Life Assur. Society of United States v. Ellis, 105 Tex. 526, 147 S.W. 1152, 152 S.W. 625; American Standard Life Ins. Co. v. Denwitty, Tex.Civ.App., 256 S.W.2d 864.

The judgment of the trial court is affirmed.

Affirmed.