UNIVERSAL UNDERWRITERS LLOYDS,
Appellant,

v.

Barbara F. SULIK, Appellee.

No. 10475.

Court of Civil Appeals of Texas.

Austin.

April 17, 1957.

Rehearing Denied May 8, 1957.

L. H. Frede [2] was secretary and treasurer of the La Grange Motor Company, a corporation.

The La Grange Motor Company was appointed Deputy Attorney-in-fact for Universal Underwriters Lloyds prior to December 17, 1952, on which date Lloyds wrote its La Grange agency as follows:

"Universal Underwriters Lloyds takes pleasure in announcing a new renewal service that will bring greater profit and increased customer goodwill to your dealership.

"Under the new system policy renewal will be made for the popular new six months period. This will allow the insured to divide his premium payments twice yearly. The premium for the six month renewal is 55% of the annual rate. This plan has become increasingly popular within recent years as the increased cost of living has forced a corresponding rise in insurance premiums. In three states where use of this system was recently introduced, renewal effectiveness was increased 428%.

"The Company will notify the insured thirty days before his existing coverage is to expire. If the renewal request and premium payment is not received within ten days of the policy expiration date, a second notice will be sent to the insured. A copy will also be sent to you so that you may personally contact your customer and encourage renewal. The insured must make premium payment directly to the Company, thus eliminating for you all collection problems and expenses. At the end of the month you will receive an accounting statement showing all the renewed policies and your commission.

"It is necessary that you sign and return the attached endorsements before

Leachman, Gardere, Akin & Porter, J. Carlisle DeHay, Jr., Dallas, for appellant.

C. C. Jopling, La Grange, for appellee.

HUGHES, Justice.

This is a suit by Barbara F. Sulik, appellee, against Universal Underwriters Lloyds to recover damages resulting from the theft of an automobile owned by appellee and insured against such loss by appellant, the general question presented being whether or not the policy of insurance was in effect when the loss or theft occurred.[1]

The policy, by its terms, expired October 16, 1954. The theft occurred November 10, 1954. The car was recovered by police authorities November 23, 1954, in a worthless condition.

Liability of appellant for this loss, occurring after the expiration date of the policy, is sought to be established under these facts:

1. See 286 S.W.2d 655, sustaining venue in the court below.

2. Mr. Frede was appellee's father but it is not contended that this fact is of any significance.

December 31st in order that we may include the February renewals from your dealership in our mailing. The enclosed envelope is for your convenience.

"Universal Underwriters Lloyds is proud to bring you this plan as it offers to you an outstanding opportunity for maximum renewal efficiency and profit, and at the same time eliminates for you the time consuming problems of renewal solicitation.

"Sincerely,
"(Signed)  Melvin D. George
"Melvin D. George
"Attorney-in-Fact
& Manager."

Mr. Frede sold the car insurance to appellee and upon delivering the policy to her stated that the insurance company would give her prior notice of its expiration and that she would "be notified about renewing it." Appellee testified that she relied upon this statement, dismissed the matter from her mind and while she had possession of the policy at all times she forgot the date of its expiration; that if she had received such notice she would have renewed the policy. It is undisputed that no notice was given appellee.

Trial was to a jury which returned a verdict favorable to appellee and judgment in her behalf was accordingly rendered.

The case was submitted to the jury upon special issues such as are usually found in charges submitting the essentials of estoppel, negligence and contributory negligence and appellant's first eight points, grouped for briefing, are to the effect that there is no evidence in the record to sustain recovery on the grounds of estoppel or its negligence.

Points 9 through 19, grouped for briefing, are to the effect that there is no evidence or insufficient evidence to sustain answers to designated special issues.

We have set out above the facts material to this case. The evidence regarding them is all undisputed and while some of it comes from an interested source and hence issuable, we believe the jury to have been clearly within its proper sphere in giving credence thereto. We, accordingly, overrule all the foregoing points insofar as they question the sufficiency of the evidence, factually considered, to sustain any jury finding.

Insofar as appellant's first 19 points question the sufficiency or lack of evidence to establish estoppel or negligence, from a legal point of view, we find it unnecessary that they be considered because, in our opinion, the pleadings and found facts support a valid contract on the part of appellant to notify appellee of the expiration date of her policy, its breach and consequential loss.

Appellee pleaded, in part:

"That on December 17, 1952, by a letter to the La Grange Motor Company, the defendant undertook and assumed the obligation and agreed to notify the policy holders of La Grange Motor Company of the expiration date of said policy so issued, 30 days before such policies were to expire, the defendant using the following language: 'The company will notify the insured 30 days before his existing coverage is to expire. If the renewal request and premium payment is not received within 10 days of the policy expiration date, a second notice will be sent to the insured.' That said undertaking on the part of the defendant and its agreement to notify the persons to whom La Grange Motor Company had issued insurance policies, of the expiration date of their policies, as aforesaid, was for the benefit of said policy holders and for the defendant. That this plaintiff, at the time of and after said policy had been issued to her, knew and had knowledge that the defendant had agreed to give notice to the La Grange Motor Company's policy holders of the expiration date of said policy approximately 30 days prior to the expiration

date thereof and that she relied upon the promise and agreement of the defendant, as one of the policy holders of the La Grange Motor Company, to notify her at least 30 days prior to the expiration date of her policy, of its expiration date, and at all times that said policy was in force believed that the defendant would give her notice of the expiration date of the same and relied upon the defendant to give her said notice. That by reason of the defendant undertaking said obligation she was lulled into a sense of security as to the expiration date of her said policy. That the defendant failed to give her notice of the expiration date of said policy. That her mailing address was typed on the face of said policy and if the defendant had given said notice she would have received the same. That if she had received the notice that the defendant had agreed to give her, she would have renewed said policy, paid the premium thereon, and would have been fully covered upon the date of the loss. That by reason of the defendant having breached its agreement to give her notice of the expiration date of said policy, defendant is now estopped to deny liability thereon."

The evidence and jury findings sustain all of these factual averments.

It is to be noted here that the usually troublesome question of the authority of the agent (Mr. Frede) to bind his principal (appellant) is absent. The sole problem is to determine if a valid contract was made for if so its breach and consequent loss are undenied.

We construe the pleadings of appellee as declaring upon a contract of the nature indicated.

Our conclusion that these pleadings and the proof to support them establish a valid contract is based upon the opinion of the Texas Commission of Appeals in Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365, 369.

In that case the insurer verbally agreed to renew fire insurance policies from year to year or advise the insured before expiration that it could not do so. A $4,000 policy was permitted to expire on September 27 and a loss occurred the following October 12. No notice of expiration was given. In sustaining a recovery for the insured the Court said:

"Therefore, regardless of whether or not the local agent who issued these policies may by his own acts bind the insurance company itself, it is unquestionably true that the company itself and for itself can make such a contract. The jury in this case has found that it actually, and not merely apparently, authorized Stockard to make this contract. We think it binding upon the company, under those circumstances, under all the authorities. Therefore the company was not entitled to a peremptory instruction upon the ground that the undisputed evidence showed that the contract to renew was not binding upon the company itself.

"We will say, before passing on to the next question presented in the application, that the contract between the insured and agent Stockard was entirely mutual and reciprocal and to the advantage of each of the contracting parties. Fire insurance policies are subject to cancellation at any time, even after they are issued, at the option of either party at interest. The contract to renew merely carried this same right of either party to countermand the order for insurance. But, it did make it obligatory upon the agent to keep up with the expirations and either renew the policies as they expired or tell the insured in advance that they could not be renewed. There is a natural tendency on the part of people, generally, to continue to do business with the same people. Where

a start is made, and where the business concern is accommodating, trade rarely changes. Therefore, an insurance company might well conclude that it would be to its decided advantage to . gather the new business by permitting its agents to relieve the insured of looking after their expirations. The contract is, in no sense, unreasonable and is clearly based upon a good consideration. In fact, it is not contended that it is without consideration."

The agreement here was not as broad as in that case in that it does not contain the provision to renew but as to giving notice of expiration it is the same.

■ An agreement to give notice of insurance policy expiration is mutual and reciprocal and to the advantage of each of the contracting parties for the reasons stated by Judge Powell in our quotation from his opinion. These reasons are fortified by the evidence in this case which reflects the mutual advantages to the parties from such an agreement. We believe that appellee was entitled to recover for the breach of this contract.

■ We will now give attention to appellants' remaining points 20–29. No. 20 is that the answer to special issue No. 7 is against the weight of the evidence. This issue found that appellee was not negligent in not timely paying the premium on the policy. Appellant's evidence on this issue is negative. It argues from the fact that appellee bought and retained the policy and at one time knew its expiration date that she must have known when it expired. This does not necessarily follow. The evidence is that appellee relying on appellant's promise to notify her of the expiration date dismissed the matter from her mind and forgot it. This was reasonable and not negligent conduct. The point is overruled.

■ Appellant objected to the introduction of the letter which we have copied

herein on the ground that this letter constituted a declaration of appellant's agent prior to the issuance of the policy to appellee. We do not so consider it. In our opinion this letter is the declaration of the principal, not the agent. Point 21 is overruled.

■ Point 22 is directed to evidence that appellant notified other policy holders of the expiration dates of their policies 30 days prior thereto. The objection was that such evidence was as to "a collateral issue to show custom. It would be inadmissible in respect to somebody who is not a party to this law suit." If we concede that the objection was good the error, if any, is not reversible. It was undisputed that appellee was not notified that her policy was to expire as appellant had agreed to do. It is our opinion that the admission of this evidence was harmless under Rule 434, Texas Rules of Civil Procedure.

Point 23 is similar to point 22 and our ruling is the same. The objection there was to the admissibility of certain exhibits showing the expiration dates of policies that La Grange Motor Company had issued to its customers.

Point 24 is that the court erred in admitting the testimony of Mr. Frede that appellant's agent, La Grange Motor Company, told its customers they would be notified prior to the expiration of their policies and Point 25, briefed with Point 24 is that error was committed in permitting appellee to testify that Mr. Frede had so advised her.

Appellant adopts its argument under Points 21 and 22 for its argument under these points. We, therefore, refer to our disposition of those points, adding only that the authority of Mr. Frede in the premises is not questioned.

■ Points 26 and 27, briefed jointly, are that the court erred in permitting appellee to testify what she would have done if she had received notice of policy expiration from appellant and what her action

would have been had appellant refused to renew her policy. The objection was that this testimony was speculative. No authorities are cited.

This testimony elicited was admissible as against the objection made. It was with reference to a fact within the knowledge of the witness. Texas·Law of Evidence, McCormick and Ray (2) Sec. 1399 and cases there cited.

Point 28 is that error is reflected by the following proceedings:

■ Counsel for the appellant cross examined appellee as to whether or not she had "changed her position" after being told that she would be notified of the expiration of her policy. The witness repeatedly answered that she did not understand the question. The trial court retired the jury and asked the witness what she would have done if she had been notified that appellant would not renew her policy, also if she had received any notice. The jury was brought back and counsel for appellee then asked her similar questions and the Court, in the presence of the jury asked this single question: "'Were you in a position to pay for a premium 'Answer Yes, sir.' The Court: 'All right. That is all.'"

Appellant interposed no objections to these proceedings when they occurred.

Appellee owned the car, had paid for its insurance and was teaching school in Houston when it was stolen. It was obvious that she was able to pay the insurance premium. The Court's question simply clarified this fact, a perfectly proper function of the trial judge. 44 Tex.Jur., p. 1085. The point is overruled.

■ The last point relates to jury argument.

The arguments complained of follow:
"There is no question but what she did. She felt secure. She felt secure that she would be protected. They have undertaken an obligation here, and you or anyone else would have felt secure * * *"

"I would say that any ordinary person would feel secure. Now, these people can't come in here and agree to do a certain thing and tell their customers that they are doing this and then fail to do it, and come in and say, 'We can't be responsible for failing to do what we said we would do.' Now, gentlemen, you or anybody else would have a right to rely upon that."

"They are attempting to run a smoke screen here by saying, 'Oh, we terminated our agreement with the La Grange Motor Company'. But they did not terminate their agreement with this young lady. It so happens that in this particular instance, that the policy was issued to his daughter. It wouldn't make any difference if it had been issued to you or anyone else."

In overruling a motion for mistrial based on such argument the court certified:

"The above and foregoing motion having been duly and kindly submitted to me for consideration, the same is, in all things, overruled for the reason that the court is of the opinion that the argument defendant's counsel objected to was not subject to the objection made in that the court did not construe the argument objected to as being any request by plaintiff's counsel for the jury to place themselves in the position of the litigants in this case. On the third objection, although the court is of the opinion that the argument complained of was not subject to the objection made, and was not a plea by plaintiff's counsel for the jury to place themselves in the position of the litigants in the case, did instruct the jury not to consider the argument for any purpose."

We are in accord with the court's interpretation of this argument. To us it merely means that any ordinary reasonable person, including the jury, would have believed and

acted as appellee did. This was legitimate argument.

We are also of the opinion that under the circumstances above shown and upon a consideration of the entire record that such argument, if erroneous, was not reasonably calculated to cause and probably did not cause the return of an improper verdict or the rendition of an improper judgment in this case. Rule 434, T.R.C.P.

There being no reversible error the judgment of the trial court is affirmed.

Affirmed.